Henderson, Chief-Justice.
 

 — The general rule is, that specific legacies do not abate, in favor of either general or pecuniary legacies. But as this maxim is founded on the presumed intent of the testator, that they should not abate, they are made to do so, when the testator directs that they shall. He is presumed to give that direction, or so to intend, when he gives away the whole of his estate in specific legacies, and then gives a pecuniary legacy. For how otherwise is the pecuniary legacy to be
 
 *321
 
 paid. But where the testator does not giveaway his whole personal estate in specific legacies, if what is left is afterwards lost, destr oyed or used by the testator-, or is wasted or consumed by the executor, in payment of debts or otherwise, such supervenient circumstances will not alter the construction of the will. For it is a question of intent at the time of making the will. We must collect the intent, so far as regards the present question, by applying the words of the will to the then existing circumstances, and it is not to be affected by the changes which time and chance may have produced.— Otherwise the intent would be changeable and fluctuating, not fixed and uniform j one intent to-day, another tomorrow.
 

 This case does not render it necessary to discuss the question, whether it must be collected from the face of the will, that all the property is exhausted in specific legacies
 
 ;
 
 or whether the fact may be proved by evidence
 
 dehors
 
 the will. For it does not appear in this case, what was the state of the funds when the will was made. I presume however, that it would
 
 impugn
 
 no rule of law or evidence, to prove the fact by extrinsic testimony* It appears, that the testatrix iiad other property at her death, besides what she specifically bequeathed.
 

 I cannot perceive on what grounds the decree heretofore made can be supported. The case of
 
 Sayer
 
 v.
 
 Sayer, (Prec. Chan.
 
 393,) on which it was professedly founded, does not support it. The truth is, that when the case was before us heretofore, the facts were strangely misconceived.
 

 Per Curiam.
 

 — Let the bill be dismissed with costs.