Daniei, Judge.
 

 After stating the material facts, proceeded as follows :
 

 The plaintiff having assigned his interest in the firm by an absolute deed, in the year 1816, to
 
 Abraham Bu-fort,
 
 it is now contended by
 
 Roberts
 
 and
 
 Pilkington’s
 
 administrator, two of the defendants, that the partnership
 
 *484
 
 was dissolved at that time by that act, anil no account of the partnership transactions could be decreed after that period. It is true that a
 
 bona Jkle
 
 assignment by one partner of his share, is a dissolution of the partnership, at the election of either. The remaining partners may not have confidence in.the assignee,* nor may the assignee choose to be concerned in trade.
 
 (Griswold
 
 v.
 
 Waddington,
 
 15
 
 John
 
 82.
 
 Marquand v. Manufacturing Company, 17 John
 
 535.) But in this case, it.was expressly agreed
 
 by
 
 the parties, that the partnership should continue. It was agreed by the deed of 1816, that
 
 Abraham Bufort
 
 should appear as the partner, and that
 
 William Bufort
 
 should act as his agent. By the deed executed in 1817 by the plaintiff to the two
 
 Sheltons
 
 in trust to secure
 
 Abraham
 
 and
 
 John Bufort
 
 for their liabilities for the plaintiff, the same property is conveyed as as that contained in the deed of 1816, and it is recited in the last deed, that the first was considered ineffectual for the purposes intended.
 
 Abraham Bufort,
 
 by agreeing that the same property should be conveyed to tho
 
 Sheltons,
 
 admitted that he bad no title under tho first deed; or, at most, it was considered as a mortgage. It is contended that
 
 if IHlkington
 
 and
 
 Roberts
 
 arc bound to account, they should do so only-to
 
 Abraham Bufort,
 
 or the
 
 Sheltons,
 
 who now are the' owners of the share which formerly belonged to the plaintiff.
 

 On this point the defendant’s covinsel has cited several authorities. When examined, they prove nothing more, where there is no collusion, than this ; a creditor shall not be permitted in equity to file a bill for relief against the executor and a debtor of the testator, or against au as-signee in bankruptcy, and a debtor to the bankrupt, or against a trustee and a debtor of the assignor, where all the assignor’s effects and debts are transferred for the benefit of all his creditors. Where there is no fraud, the creditor’s remedy is against him who has the legal title. If this was not the rule, every debtor to such estates might bo harrassed with a bill in equity. The plaintiff does uot claim as a creditor, nor is he seeking a surplus under a resulting trust, arising from the deed to the
 
 *485
 

 Sheltons.
 
 Ever since the date of that deed,
 
 AbrahamBu-fort
 
 lias not pretended- to be considered as a partner in the concern, but
 
 William
 
 has always claimed to be and iiag been so acknowledged by
 
 Pilkington
 
 himself. It is a general rule, that where a bill,is brought for relief, all persons materially interested in the subject of the suit, should be parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits, and that there may be a complete decree between ail parties having material interests. (2
 
 Mad. C. 179.
 
 If the assignees in this case, had brought a bill for an account and relief, the assignor must have been made a party to show his interest if he had any, for how would the defendant be protected
 
 against the assignor, if it should turn out
 
 that the assignment was not valid.
 
 (Cathcart
 
 v.
 
 Lewis,
 
 1
 
 Ves. Jun.
 
 463.
 
 Ray
 
 v.
 
 Fenwick,
 
 8
 
 Bro.Ch.
 
 35.) In this case all the parties have been brought before the court, and those persons, who the defendant says have the absolute interest which formerly belonged to the plaintiff, disclaim any interest, and expressly state that it all belongs to the plaintiff. The defendant
 
 Pilkington
 
 admits in his answer, that the plaintiff had an ultimate interest, after
 
 Abraham
 
 and
 
 John Bufort
 
 should be satisfied. The defendant
 
 Pilkington,
 
 also admits sufficiently in his answer, for us to see that he always treated the plaintiff as a partner; he made monthly returns to him of the sales» kept up a correspondence with him upon the subject of (he concern, and agreed to come to a settlement with him. And we think there is nothing to prevent the defendants now accounting with him.
 

 The principal debtor is not a no-bUl'to’settleVeo-partnershipwhere asSgned'his 'interest in it to in-temmfy the
 

 ^ sa^ that although
 
 Abraham
 
 and
 
 John Bufort
 
 and the
 
 Sheltons
 
 now disclaim any interest, yet the court ahould not let the plaintiff have the fund,unless it should appear that all the creditors of
 
 William Bufort,
 
 mention-et^ i'1 the deed of trust of 1817, have been satisfied. The answer is that the deed of trust was to secure
 
 Abraham Bufort
 
 for their liabilities to those creditors mentioned in the deed of trust. The trustees and
 
 Abraham
 
 and
 
 John Bufort,
 
 admitting that they are satisfied, is presumptive evidence that all those creditors have
 
 *486
 
 been paid : it does not appear that they have not been paid. And if it' should appear that they have not, I am not prepared to say, that would prevent the relief he is seeking.
 

 joint efe(;ts in partner,and a purchase by him,does not divest the property of the other, tcTanac* count of the pro, fits thereof, A sale of th
 

 We are of the opinion that the defendant
 
 Filkington’s
 
 adm’r. is liable to account to the plaintiff,
 
 William Bufort,
 
 as a partner ot all the firms mentioned m the bul, and tliat
 
 Eoberts’
 
 and
 
 Filkington’s
 
 administrators are lia- . . . , _ . , _ , . , „ ,, ble to account to
 
 William, Bufort
 
 lor Ins part ot the capital and the profits that were made on the same, after the time, when by the original articles, the partnership expired. We consider the-sale of the stock of goods made by
 
 Pilkington,
 
 and purchased by him and
 
 Roberts,
 
 a fraudulent transaction.
 
 William Bufort
 
 was not divested by the sale of his interest in the stock in trade, and as the defendants
 
 Pilkington
 
 and
 
 Eoberts
 
 traded upon that stock and capital, if any profits were made,three fifths of the same belonged to
 
 William Bufort.
 

 A report having been made in these cases, subject to the opinion of the
 
 court,
 
 whether
 
 Pilkington
 
 and
 
 Eoberts
 
 were bound to account, and the court being of opinion that they
 
 are;
 
 exceptions have been filed by both parties to the said report, and the exceptions now come to to be decided. His Honor here considered several of the exceptions which involved questions of fact.
 

 The defendant’s exceptions will now-be considered. The 1st, 2d and 3d exceptions are overruled. His Hon- or here stated the reasons shortly.
 

 The 4th exception is overruled.
 
 Pilkington
 
 was bound by articles of copartnership
 
 to
 
 attend personally to the businessj he did not stipulate for. compensation. He is not entitled to receive remuneration for doing that which he agreed to perform, and which it was his duty as partner to transact. It has been held that a surviving partner, when there is not an express stipulation to that effect, is not entitled to charge in account a sum of money as a compensation to himself for his management of the trade, and for his time and labour; he cannot in the absence of a positive agreement, claim an allowance for carrying on the trade.
 
 (Burden
 
 v.
 
 Burden,
 
 1
 
 Ves. & Bea.
 
 
 *487
 
 170.
 
 Gow.
 
 380.
 
 381.)
 
 The Sill exception is overruled, as to all but the sum of g>60, with interest from the 1st day of October 1824, which is allowed for
 
 Filkington’s
 
 services and expences in attending to the suit, brought by
 
 Hicks
 
 against him as the surety of the plaintiff.
 

 Per Curiam. — Decree accordingly.