Daniel, Judge,
 

 after stating the facts as above set forth, proceeded as follows: — It is submitted to us to say in the first place, whether the legacies" given in the abqve recited clause of Joseph Webb’s will, are -general legacies. We answer that they undoubtedly are general legacies. The words “ or the value thereof in property,” are to be considered only as a charge on the real and personal estate of the testator to satisfy those general legacies. There is no particular part of the real or personal estate specifically devised or bequeathed. The testator has given in the same
 
 *71
 
 words legacies of different amounts to all the. other legatees named in the will. ' '
 

 The second question is, whether that portion of the legacy of Joseph Bozman raised out of the sale of Webb’s land, or any portion of the said legacy of $2000 to Joseph, pass under his will to his brother William. We have before stated, that the whole legacy of $2000, was a general legacy, and constituted a part of Joseph Bozman’s personal estate. But as Webb, who gave the legacy, died a year before the death of Levin Bozman, (the father of Joseph,) it is urged that Joseph Bozman died intestate as to that portion of his personal estate acquired before his death. We think Joseph Bozman did not mean to die intestate as to any of his personal estate. Excepting the bed to his sister, he .gave to his brother William all his
 
 “’personal estate of what nature soever.”
 
 These are terms of the most comprehend sive character and are not to be restrained but by expressions manifesting a plain intent to narrow them down. The words superadded do not shew this intent. They are not a specification of the things whereof the personal estate given
 
 does consist,
 
 thus explaining and qualifying the general bequest, but a recognition of things constituting a part of that general bequest which the testator was apprehensive might be thought not to fall within it. The whole personal estate is bequeathed
 
 whether
 
 it consist of the enumerated subjects or not.
 

 ■ It follows that according to the agreement of the parties the money which is the subject of controversey in this case, is to be paid to Levi Fagan.
 

 Per Curiam. Decree accordingly.