Nash, J.
 

 The only question presented by this case, and which the Court is called on to decide, is, whether or not it was the duty of the executor, Benjamin Howell, to collect the money due on the bond of Edward Sasser, and divide it among his children. We think it was not; it results from the very nature of the legacy, that such was not his duty. It is a bequest of a specific article, of a particular bond, and not of the money due upon it. The testator gives the
 
 bond,
 
 due to him from Edward Sasser, to his daughters. Such a legacy can only be. satisfied by the delivery of the identical article or subject. 2 Wil. on Ex’rs. 740. Fonb. Treat, on Eq. B. 4, Part 1, ch. 11, see. 5, n. a. Thus, if a particular horse or negro is bequeathed, the executor cannot sell the horse or negro and tender the money in his discharge ; nor can he, with the moucy, purchase another horse or negro and tender that. He must keep the particular article, and have that ready to deliver, whenever a demand is made. It is true, the money due on this bond is its essence, and, if when the legacy was demanded, the executor had it réady to pay over, it is not to be supposed but what the legatees would take it. But what, if in the collection of the bond, he had received counterfeit money in payment, or the notes of a Bank, which had subsequently failed — .
 
 *191
 
 would the legatee be bound to receive them ? Clearly not. He would say, my legacy was of a bond, not money ; and I demand the bond. We think, then, that the executor was not bound to bring an action on the bond against Edward Sasser, the obligor. On the contrary, it was his duty to retain it, subject to the demand of the legatees. This view of the case is an answer to the cases cited in behalf of the plaintiff, from the 2d and 3d Brown’s C. R. In
 
 Lawson
 
 and
 
 Copeland,
 
 Lord Tiiurnow decided, that an executor was liable, when he neglected to sue for money due the estate, so long as to enable the debtor to protect himself under the statute of limitations, because it was his duty to collect it. But it is said, the words, “ to be equally divided,” in the bequest, show that it was the intention of the testator, that the executor should collect the bond and distribute the money. The answer is, if such was his intention, he would have bequeathed the money and not the bond. We consider those words as indicating on the part of the testator, how the legatees should hold the bond. The executor offered the bond to Hamilton Howell and to Ransom Rose, two of the plaintiffs, to collect for their use and the use. of those who were jointly interested with them, thereby authorizing them, if necessary, to use his name in its collection ; and he would, no doubt, at their request, have endorsed it without recourse, as it would have been his duty to do. In making this offer, we consider the executor as having discharged himself of all responsibility to them, and his administrator having the bond ready to deliver to any one legally authorized to receive it, the plaintiffs have no equity against his estate. We consider this an ungracious claim on the part of the plaintiffs. Edward Sasser, the obligor, was the father and father-in-law of the complainants — a man of wealth. Moreover, he is entitled, as the next of kin of those of his daughters who have died intestate, to their shares in the bond.
 

 
 *192
 
 The plaintiffs are entitled to a decree for the delivery of the bond; but they must pay all costs.
 

 Per Curiam.
 

 Decree accordingly.