Nash, J.
 

 The first question, that presents itself, is as nature bequests of the Bank Stock ; are they general or specific ? Mr. Roper defines a general legacy be a testamentary gift of personal estate generally; a specific legacy to be a bequest
 
 of particular
 
 things, distinguished from
 
 all others of
 
 the same kind. In the of Mr. Kelly, in every instance, in which he gives Cape Fear Bank Stock, he uses the general words, so
 
 shares
 
 of the capital stock
 
 of the
 
 Bank of Cape Fear. the answer to this question depended alone upon the words used in making the bequest, we should, without hesitation, pronounce the legacies, general. Nor would fact, that the testator, at the time he made his will, stock in that Bank to the amount bequeathed, vary construction. 1
 
 Rop. on Leg.
 
 157. In order to have effect, it must appear upon the face of the will, that testator meant the identical stock owned by him— intention to make it specific must be clear; for Courts Equity incline to consider legacies general rather than specific. Thus the word “my,” preceding the word “stock” sufficiently show the intention.
 
 Barton
 
 v.
 
 Cooke,
 
 5 461. 4 Ves. 750,
 
 Davis
 
 &
 
 wife
 
 v.
 
 Cain’s Ex’r,
 
 Ire. Eq. 304. To render such a bequest specific, it is essential, that the testator, in the will, in connection with bequest, should refer to the stock he then has, or ex-the intention, that it should come out of that stock. such intention does clearly appear from the will itself intention will make the bequest specific. 1
 
 Rop.
 
 164,
 
 *273
 

 Sleech
 
 v.
 
 Thorington,
 
 1 Vez. Sr. 561. If the will of Mr. Kelly be tested by the above rule, it will, we think, very clearly appear, that the bequests of the stock are specific. In the 14th clause, the language is clear, as to the stock he had in his mind, when he devised it — his words are “in case there shall be any deficiency in the Bank Stock, which I hold at-my death,
 
 as compared with
 
 the amount bequeathed in my will and testament,” &c. There can be no doubt what stock the testator meant. He meant, evidently, the stock he then had ; and if so, they are specific legacies — not general.
 

 The second question submitted, is as to the legacy to the two Fitzharrises. We are of opinion, that the bequest fails, because of ilie failure of the fund out of which it was to come. This bequest is specific in its nature, and it is of the nature of specific legacies, that when the specific fund fails, the legatee will not be entitled to any satisfaction out of the personal funds of the testator. 1
 
 Rep.
 
 150.
 

 The 3rd question is as to the negro Caroline. In the 1st clause, she is given to Mrs. Kelly under the name of Caroline, and in the 6th she is given to Frances Casey under the name of Etly. When the same property is by the same will given to two different legatees, they take moieties. So that one half of. the value of Caroline belongs to the estate of Mrs. Kelly, and the other half to Frances Casey.
 
 Field
 
 v.
 
 Eaton,
 
 1st Dev. Eq. 283. Another question was made at the Bar, as to the maintainance of the aged negro Tibby. We do not decide that question, as it is one which arises exclusively between two of the defendants, and with which the plaintiffs have no concern.
 

 Per Curiam.
 

 Declared accordingly.