Battle, J.
 

 The appeal from the order or decree made in this cause in the Court below was intended as we are informed by the
 
 *297
 
 counsel, to obtain the opinion of this Court upon the construction of certain clauses in the will of the late Jno. I). Graham.
 

 The record, as it now stands does not require us to declare any opinion upon the questions raised by the pleadings, for it is simply an appeal from an order made relative to the cost, of t.hesuit. But presuming that the counsel will by consent amend the records, both of the Court below and this Court so that the cause may appear to have been properly before us, we will proceed to give our opinion upon the disputed questions upon which the parties have called for it.
 

 The main difficulty in the construction of the will seems to have arisen from the legacies of the iron and castings. The will appears from its date to have been made and published on the 10th day of September 1845, and the testator died on the 7th day of January 1847. — Whether at the time when he made his will the .testator had on .hand the amount of iron and castings therein bequeathed, does not appear, but when the executor came to settle the estate he ascertained that there was not enough of those articles to satisfy the several legacies of them. In this condition of the estate some of the legatees contended that the legacies abate
 
 pro rata
 
 while others insist that the executor should, out of the •residue of the pioceeds of the estate, purchase other iron and castings to make up the deficiency.' — -This is the first difficulty presents ed to us and its solution depends upon the question whether these legacies are general, specific or general in the nature of specific. A legacy is said to be general when it is so given as not to- amount to a bequest of a specific part of a testator’s personal estate
 
 -,
 
 as a sum of money
 
 generally
 
 or
 
 out
 
 of the testator’s personal estate and the like.’ 1 Roper on Leg. 256. — -A specific legacy is defined to be,
 
 “
 
 the bequest of a particular thing or money specified and dis-tinquishedfrom all* other of the same kind as of a horse, a piece of plate, money in a purse, stock in the public funds, a security for money, which would immediately vest with the assent of the executor.” 1 Roper on Leg. 149. There is also alegacy of quantity*»
 
 the nature
 
 of a specific legacy, as of so much money with reference to a particular fund for its payment. This land of legacy is so far
 
 general
 
 and differs so much in effect from a specific one, that if the fund be called in or fail, the legatee will not be deprived of
 
 *298
 
 his legacy, but be permitted to receive it out of the general assets : yet it is so far
 
 specific,
 
 that it will not be liable to abate with the general legacies in case of a deficiency of assets.
 
 Ibid
 
 150. From these definitions of legacies, general specific and in the nature of specific, which are well established, it is clear that the several legacies of iron and castings and particularly those of so many dollars worth of iron and castings are not specific or general in the nature of specific unless they are made so by the next to the last clause in the will. No particular iron and castings are mentioned and no particular fund or parcel of iron and castings is specified out of which they are to be paid. The testator does not say
 
 my
 
 iron and castings, or the iron and castings which I may have on hand at the time of my death. They are like legacies of so many shares of bank stock which are general legacies, even though the testator owns the number of shares named, if he do not call them
 
 my
 
 shares of bank stock.
 
 Davis
 
 v.
 
 Cain
 
 1 Ire. Eq. Rep. 304. But we are of opinion that these legacies though they would be otherwise general are made general in the nature of specific legacies by the clause of the will above referred to. That clause is in these words “ I will and direct that all my personal property not named and given away in this will specifically shall be sold and the money equally divided among my five daughters and my son Henry to make them equal with my other children who have received somewhat more in land,” now under this clause all the iron and castings which the testator owned at the time of his death Would have had to be sold, if the legacies of them were not in some sense specific. No person can believe that such was the testator’s intention. Such a construction would
 
 involve the
 
 absurdity of supposing that the testator, who appears to have been a large manufacturer of such articles, wished his
 
 iron
 
 and castings sold at auction by his executor for whatever they might bring and then repurchased by him at a certain price for the legatees. The legacies of horses, bridles and saddles would most of them have been also general but for this clause, and the executor would not have#been otherwise authorized to pay them out of such articles as were on hand at the death of the testator.
 

 All the legacies of iron and castings, including that to Mrs. Orr, being thus general in the nature of specific, must be paid out
 
 *299
 
 of such of those articles as /the testator owned at the time of his death, making no deduction ‘.herefrom on account of what the executor calls contracts, due bills, payable in iron and castings, for, as between the legatees, those are debts payable out of the general assets. If there were not enough of those articles to satisfy all the legatees, they must be divided among them in proportion to their respective legacies. The deficiency in these legacies may be made up out of the general assets of the estate, if there be any, (1 Rop. on Leg., 150,) but they cannot be paid out of the proceeds of the personal property directed to be sold and divided between the testator’s five daughters and his son Henry, because that bequest is specific, and not a general residuary legacy. Such was his Honor’s opinion in the Court below, and we concur with him. We concur with him further, that in making the division, such of the legatees as were advanced by their father after the date of his will, and charged therewith in his family .book, should account. If fully advanced, nothing more will be due them from that fund : if partially, the residue will be the amount to be paid. If the executor has allotted more to any one of the legatees than would fall to her share under the division above specified, she should account for it at a fair valuation out of her share of the proceeds of the other personalty.
 

 2. The second difficulty arises from that clause of the testator’s will, where he directs that out of the iron and castings bequeathed to his daughter Martha, shall be deducted what money she has received more than the rest of his daughters, the rest of the daughters having received unequal sums. Some effect must be given to the clause, but in (lie absence of any other standard afforded by the testator himself, we think tire only deduction to be made is, what she received more than the highest sum given to either of the other daughters. If more than this were deducted, then Martha would receive less than one or more of her sisters, which is not sufficiently expressed, to be declared to have been the wish of the testator.
 

 3. It has already been intimated that our opinion is that some of the legacies of horses, saddles, &c., are general in the nature of specific, and it follows that they must be paid out of articles of the kind on hand at the death of the testator. The money lega
 
 *300
 
 cies arc general, and if there be a deficiency of assets to pay all . the general legacies, and the residue of the legacies general in the nature of specific, not paid out of the specific fund, they must abate among themselves
 
 pro rata.
 
 1 Roper on Leg., 284.
 

 4. His Honor was right in holding that the contract made by the
 
 testator for the
 
 education
 
 of his
 
 daughter Eliza, being one of his debts, ought to be discharged out of the general assets of the estate. But if she has been kept at school since the termination of her father’s contract, the expenses are a charge upon her share of the property.
 

 5. We are clearly of opinion that the expenses of the lawsuits mentioned in the codicil, are made a charge upon the slaves therein directed to-be divided among certain of his children.
 

 The decree below will therefore be affirmed, except in relation to the amount to be deducted out of Martha’s share of iron and castings, and the abatements of the legacies as
 
 between the
 
 general legacies and the residue of the legacies
 
 general
 
 in the nature of specific,
 
 in
 
 which particulars it must be reformed. The costs
 
 of
 
 the cause, both in the Court below and this Court, must be paid by the executor out of the general assets of the estate.
 

 Per Curiam. Decreed accordingly.