E. J. HEATH and wife v. C. R. McLAUGHLIN, Executor of
JOSEPH McLAUGHLIN.

*Will—Specific Legacy—Pecuniary Legacy—Abatement.*

1. The bequest of certain shares of stock owned by the testator at the
date of the will and at his death is a specific legacy.

2. Specific legacies do not abate with or contribute to general legacies,
except where the whole estate is given in specific legacies and
then a pecuniary legacy is given, or where an intention appears in
the will that the specific legacies shall so abate.

3. A provision in a will that all the legacies shall abate before there is
any abatement of a designated legacy, while protecting the latter
from abatement, does not affect, as to other legacies, the usual
order of abatement—the general legacies first and then the specific.

Special proceeding before the Clerk of the Superior
Court of MECKLENBURG County, to compel the defendant
executor to turn over to *feme* plaintiff certain shares of stock
bequeathed to her by his testator, and heard on appeal of
the defendant before *Winston, J.*

The complaint was as follows:

" 1. That Joseph McLaughlin, late of the county and State
aforesaid, died on __ day of August, 1893, leaving a last will
and testament, a copy of which is hereto attached, and asked
to be taken as a part of this petition.

" 2. That J. T. Barrett and Charles R. McLaughlin, the
executors named in said will, duly qualified as such before
the Clerk of the Superior Court of said county, and entered
upon the discharge of their duties as such executors. That
the said J. T. Barrett has since died, and the defendant
McLaughlin, as surviving executor, has undertaken to exe-
cute the will of the said testator.

" 3. That as appears by the fifth item of said will, the said
testator bequeathed to the plaintiff Annie Heath, two shares
of the capital stock of the Columbia Manufacturing Com-

pany, and ten shares of the capital stock of the Peoples Bank, and the sum of $200.

" 4. That after paying the debts of the said estate, and the expenses of administration, and after setting apart the $4,500 bequeathed in said will in trust for the widow of the testator, there still remains in the hands of the said executor about the sum of $7,000, which is applicable to the legacies bequeathed in said will.

" 5. That the testator owned at the time of his death the exact number of shares of stock in the several corporations which were bequeathed in the said will to the several legatees, and the executor now holds said stock, and has collected the dividends that have accrued and that have been paid on them since the death of the testator.

" 6. The plaintiffs have demanded of the said executor that he turn over to the plaintiff Annie Heath the two shares of the capital stock of the Columbia Manufacturing Company bequeathed to her, each being of the value of $500, and also the ten shares of the capital stock in Peoples Bank, each share being of the par value of $100. The said executor has declined to comply with said request, for the reason that an abatement of the legacy is rendered necessary on account of the fact that there is not a sufficient amount of money to pay all of the same in full, and said executor has demanded of the plaintiffs that they should contribute to make up the deficiency in proportion to the value of their said stock and money bequeathed to the said Annie Heath.

" 7. That the plaintiffs are advised and believe that the legacies to the said Annie Heath of stock in the Columbia Manufacturing Company and the Peoples Bank, as aforesaid, are specific legacies, and that the said Annie Heath is entitled to have the said stock turned over to her without any contribution on her part to make up any deficiency that may arise by reason of the lack of funds to pay the pecuniary legacies mentioned in said will. Wherefore, the plain-

tiffs pray judgment that the said executor be required by order of this Court to turn over·to the plaintiff Annie Heath two shares of stock of Columbia Manufacturing Company and ten chares of stock of the Peoples Bank, together with any dividends that may have been paid on the same since the death of the testator."

The answer of the defendant was as follows:

" 1. That he admits the allegations of articles 1, 2, 3, 4, 5, 6 and 7.

" 2. For a further defence the defendant alleges that he is informed and believes that after the assets of said estate have been reduced to money in the manner required by law, there will not be a sufficient amount of money to pay in full .the pecuniary legacies bequeathed in said will, and he is advised and believes that the plaintiff Annie Heath should be required to make.a contribution, in proportion to the value of the stock and money, to make up the deficiency. So that the said Annie Heath, and the other parties in said will to whom stock in the several corporations therein named was bequeathed, shall be required, before receiving the stock bequeathed to them, to pay to the defendant a sufficient amount to make the legacies of stock and the money abate ratably.

" Wherefore, the defendant prays judgment that an account be taken to ascertain the value of the stock bequeathed to the plaintiff, and also the amount of assets which will be available to meet the pecuniary legacies, and that the plaintiff be required to contribute to make up the deficiency in proportion to the value of her said stock and money bequeathed to her."

The will contained various bequests to divers persons, of shares of stock in the Columbia Manufacturing Company, the Peoples' Bank of Monroe, and the Commercial Bank of Charlotte.

HEATH *v.* McLAUGHLIN.

Items 5, 14 and 15 of the will were as follows:

" I give and confirm to my daughter Annie Heath, all that I have heretofore given her and put into her possession ; and in addition to what has heretofore been given her, I give and bequeath unto her two shares of the capital stock of the Columbia Manufacturing Company, ten shares of the capital stock of the Peoples Bank, and the sum of two hundred dollars ($200).

" 14. It is my further will and desire, and I hereby direct that if at my death I do not own the number of shares of the capital stock of the three corporations herein named that I have bequeathed above, then my executors shall pay to the legatees who shall fail to get the stock bequeathed to them the market value of said stock in money at the time of my death.

" 15. It is further my will and desire, and I hereby direct that in case it becomes necessary that there shall be an abatement of any of the legacies herein bequeathed in order to pay debts or for other purposes, that all the other legacies shall abate before there is any abatement of the legacy bequeathed in trust for my wife."

His Honor sustained the judgment of the Clerk of the Superior Court that " the plaintiff is not required to contribute any sum to make up the deficiency that there may be in funds to pay the pecuniary legacies, and said executor is hereby ordered to turn over forthwith to the said Annie Heath the two shares of capital stock of Columbia Manufacturing Company, and ten shares of stock of Peoples Bank, and that the plaintiff recover the costs of the action," and defendant appealed.

*Messrs. Walker & Cansler,* for plaintiff.
*Messrs. Jones & Tillett,* for defendant (appellant).

CLARK. J.: The testator owned at his death the shares of

115—26

stock bequeathed to the plaintiff. The legacy was a specific one. *McGuire* v. *Evans*, 40 N. C., 269. It is a general rule that specific legacies do not abate with or contribute to general legacies. There are exceptions, as where the whole estate is given in specific legacies and then a pecuniary legacy is given, or where an intention that the specific legacies thall abate appears in the will. *White* v. *Beattie*, 16 N. C., 320; *White* v. *Green*, 36 N. C , 45; *Biddle* v. *Carraway*, 59 N. C., 95. But nothing of that kind appears in the present case. The provision in Clause 15 of the will simply provides that all the legacies shall abate before there is any abatement of the ·legacy given in Clause 1 to his wife. But this, while protecting that legacy from abatement, does not affect as to the other legacies the usual order of abatement, to-wit, the general legacies first, and then the specific legacies.          Affirmed.