J. E. PIGFORD ET AL. v. L. V. GRADY ET AL.

(Filed 23 March, 1910.)

### 1. Wills—Construction.

In construing a will, the intent of the testator is to be gathered from the will itself, uninfluenced by the conditions of his estate at the time of his death.

### 2. Wills—Specific Legacies—"In Cash."

A designation of the payment of certain sums of money "in cash" to named devisees indicates that the legacies are to be paid in cash generally, and not that they must be paid out of a particular fund.

### 3. Same—Residuary Clause.

When the testator's estate at the time of his death was insufficient to pay the debts and specific legacies, and consisted chiefly of personal property, the mere fact that these legacies were to be paid "in cash" does not change the character of a residuary clause devising to certain named persons "any and all property, of any and all description, that I may have at my death."

APPEAL from *Guion, J.,* at November Term, 1909, of LENOIR.

This was an action to obtain the construction of the will, heard on appeal from the Clerk of the Superior Court of New Hanover County. E. S. Pigford died 16 January, 1907, in New Hanover County, leaving a last will and testament, which was duly admitted to probate, in the following words:

NORTH CAROLINA—New Hanover County.

I, E. S. Pigford, of above State and county, being of sound mind and feeble health, do make and declare this, my last will and testament:

First. My executor, hereinafter named, shall give my body a decent burial, suitable to the wishes of my friends and relatives, and place a neat tombstone to my grave and pay all the

expenses of such as may be necessary, together with my just debts, out of the first moneys which may come into his hands belonging to my estate.

Second. I give and bequeath to my beloved niece, Isabel Pigford, one thousand dollars in cash, and all of my jewelry of any and all description, not otherwise bequeathed herein.

Third. I give and bequeath to my beloved niece, Annie Pigford, one thousand dollars in cash.

Fourth. I give and bequeath to my beloved nephew, Elliott Pigford, one hundred and fifty dollars in cash.

Fifth. I give and bequeath to my beloved friend, George W. Chestnutt, my gold watch with my initials thereon engraved.

Sixth. I give and bequeath to my trusted servant, Washington McNeill, fifty dollars in cash.

Seventh. I give, bequeath and devise to my beloved brothers, J. E. and T. H. Pigford, to them equally, any and all other property of any and all description, that I may have at my death.

Eighth. I hereby constitute and appoint my trusted friend, George W. Chestnutt, my lawful executor, to all intents and purposes, to execute this my last will and testament, according to the true intent and meaning of the same, and every part and clause thereof, to execute the same without giving bond.

Ninth. I hereby declare all other wills executed by myself void.

In witness whereof I, the said E. S. Pigford, do hereby set my hand and seal, this the 13th day of May, 1905.

E. S. PIGFORD.    (SEAL.)

The plaintiffs are the brothers, J. E. and T. H. Pigford. The defendants are the administrator, C. T. Grady, and the legatees mentioned in the second, third, fourth and sixth items. The jewelry and watch bequeathed have been delivered to the proper legatees. The testator did not leave an estate sufficient to pay his debts and the legacies in full. His estate consisted of the jewelry and watch, some cash in banks, building and loan certificates, a horse, buggy, books, library and other articles of personal property. He owned no land. After paying his debts, funeral expenses and providing a neat tombstone, the administrator has paid Isabel Pigford, now Faison, $425; Annie Pigford, $425; Elliott Pigford $63.75, and Washington McNeill, $21.25. He has yet in hand a balance for distribution. The contention of the plaintiffs is that the bequest to them in the seventh item is a particular bequest or legacy, and not residuary, and that the money, less the expenses, should be prorated among the plaintiffs and defendants. The clerk

ruled against the plaintiffs, and held the seventh item to be a residuary clause, and that the pecuniary legatees should be paid *pro rata* with each other, and, on appeal to the judge, his Honor affirmed the clerk's rulings, and the plaintiffs appealed to this Court.

*Stevens, Beasley & Weeks* for plaintiffs.
*Faison & Wright, A. McL. Graham* and *Rountree & Carr* for defendants.

MANNING, J. The contention of the plaintiffs is, that the testator's estate being insufficient to pay his debts, the expenses of administration and the pecuniary legacies, there ought to be a proportionate abatement of the pecuniary legacies, in order that there might be some of the "all other" property, bequeathed to them by Item 7, or that, by the use of the word "cash," after the number of dollars in each of the pecuniary bequests, the testator's intention was to charge the legacies upon a particular fund, and this fund being exhausted, the general personal estate could not be called upon to make up the deficiency. We do not agree with the plaintiffs in either contention. It is not observable from the will that the testator charged the pecuniary legacies against any particular fund; the word "cash" does not indicate this, but rather emphasizes that the legacies are to be paid in money generally. It may be, as is frequently the case, that if the testator could have foreseen, at the date of the will, the condition of his estate at his death—the time when his will would take effect—he might have written it differently. "The question is not what he might possibly have intended, if he had known that case that happened to exist at his death; but what is to be inferred from the will was his intention when he made it." *Ruffin, C. J.,* in *Perry v. Maxwell,* 17 N. C., 487 (499). The testator's estate consisted entirely of personalty, and, in our opinion, the pecuniary legacies are made a charge generally upon his estate; and by Item 7 he disposed of, to the plaintiffs, all his other property not necessary for the payment of these legacies, and that this item is, in effect and by intention, a residuary clause.

Our conclusion, we think, is supported by the following decisions of this Court, and the text-books of accepted authority: *McGuire v. Evans,* 40 N. C., 269; *Fagan v. Jones,* 22 N. C., 69; *Graham v. Graham,* 45 N. C., 291; *Robinson v. McIver,* 63 N. C., 645; *Hill v. Toms,* 87 N. C., 492; Gardner on Wills, p. 418; 1 Underhill on Wills, sec. 405; 1 Roper on Legacies, pp. 256, 284. In our opinion, therefore, there was no error in the judgment appealed from, and it is

Affirmed.