IN RE WILL OF PERRY WIGGINS.

(Filed 17 March, 1920.)

1. **Wills—Specific Legacies—General Legacies—Pecuniary Legacies—Interpretation—Intent.**

As a rule, specific legacies do not abate with or contribute to general legacies, except when the whole estate is given in specific legacies, and there is a pecuniary legacy, or the intention of the testator appears from the will that the specific legacy shall abate.

2. **Same—Codicils.**

Among other things, a testator devised to his daughter L. a certain tract of land and to his daughter J., certain enumerated articles of personalty, etc., and by codicil, revoked the devise to L., and substituted a bequest of $900 therefor, confirmed the bequest to J., and added thereto a bequest of $100: *Held*, the bequest to J. of all the personal property the testator may possess at his death not named in his will, and all moneys, "if any after paying debts, etc.," were general legacies, and the designated moneys and enumerated personal properties were specified legacies, which would not abate with or contribute to the general legacies, and the residue of the fund was properly to be applied in payment of the pecuniary legacies; and there being general and specific legacies in the will, the latter do not abate in payment of the pecuniary legacies.

APPEAL by Lucy Little from *Guion, J.,* at May Term, 1919, of FRANKLIN.

Perry Wiggins devised in the second clause of his will to his daughter, Lucy Little, a certain tract of land, duly described, containing 50 acres. He appointed his daughter, Jennie Wiggins, his executrix, and in clause six of said will he provided that if there was not a sufficiency of money on hand to pay his debts and funeral expenses, she was authorized to sell such personal property as was necessary, and gave to his daughter, Jennie Wiggins, "All the monies, if any, after paying as directed above, to her and to her alone. I also give her all the debts owing to me at my death, also all other property of whatsoever kind, including household and kitchin furniture of every kind and description, cattle, stock, and farming implements, horses, mules, in fact every species of personal property that I may possess at my death, not named in this will." He had specifically devised a bed and furniture to a grandson, and his real estate to parties named.

By a codicil to said will he revoked the devise of the tract of land by clause 2 to his daughter, Lucy Little, above recited, and he "gives and devises to my daughter, Lucy Little, $900 to her only use to do as she pleased with. In addition to the lands and personal property given to my daughter, Jennie Wiggins, in items 1 and 6, I give and bequeath to my daughter, Jennie Wiggins, $100 to her only use forever.

The final account of the executrix as filed showed a balance for distribution under the codicil of $247.71. She applied nine-tenths thereof on the pecuniary legacy to Lucy Little, and held one-tenth as due herself under the codicil. She also retained all the household and kitchen furniture, cattle, stock, farming utensils, horses, mules, and 500 pounds of meat. By consent, the meat was valued at $150. The personal property mentioned in item 6 of the will was retained by Jennie Wiggins as specifically devised. The court adjudged that these articles were a specific legacy, and, as such, not liable to abatement in payment of the pecuniary legacies given in the codicil, and adjudged that $150, the value of the meat on hand at the death of the testator, being the only property not specifically devised, is subject to the payment of said pecuniary legacies, and adjudged that Lucy Little was entitled to nine-tenths of the "value of the meat and nine-tenths of the $247.71, balance for distribution after payment of the debts and funeral expenses," and held that the articles devised in said item 6 to Jennie Wiggins were not subject to abatement in payment of the pecuniary legacies in the codicil. To the judgment that said articles in item 6 were a specific legacy to Jennie Wiggins, and not liable to payment of the pecuniary legacies, Lucy Little excepted and appealed.

*Wm. H. and Thos. W. Ruffin and Ben T. Holden for Jennie Wiggins.*
*G. M. Beam and N. Y. Gulley for Lucy Little.*

CLARK, C. J. It is true that item 6 was a residuary clause, but the articles therein given specifically to Jennie Wiggins do not abate in favor of a pecuniary legacy. In *Young v. Young,* 56 N. C., 217, the Court held that a devise, almost in the exact terms of this, was a specific legacy, and therefore did not abate in payment of a pecuniary legacy. In *Heath v. McLaughlin,* 115 N. C., 402, the Court held that the bequest of two shares of capital stock in the Columbia Manufacturing Company was a specific legacy.

In *Robinson v. McIver,* 63 N. C., 645, a case almost exactly on all fours with this, the Court held: "General pecuniary legacies are not chargeable upon, or to be preferred to, specific devises of land, although the latter be found in a residuary clause, which also includes personalty." These cases merely recognize the well established rule that "specific legacies do not abate with, or contribute to, general legacies. There are exceptions as when the whole estate is given in specific legacies, and there is a pecuniary legacy, or when an intention that the specific legacies shall abate, appears in the will." *Heath v. McLaughlin, supra.* This last is not the case here, for the codicil expressly confirms the devise, of the property given to Jennie Wiggins by items 1 and 6, and indicates

no intention to reduce it in favor, or subject it to the lien of the pecuniary legacy to Lucy Little.

In this case the last clause of item 6, which provides: "In fact every species of personal property I may possess at my death not named in my will," is a general legacy. The testator died leaving a considerable quantity of meat, to wit, 500 pounds. This meat is not bequeathed specifically, and was properly applied to the pecuniary legacies in the codicil.

The second sentence in item 6 of said will, "I give and bequeath to my daughter, Jennie Wiggins, all moneys, if any, after paying as above directed (debts and funeral expenses) to her and her alone," was another general legacy, and the residue of said fund was properly applied to the pecuniary legacies in the codicil.

There being general and specific legacies in the will, the latter do not abate in payment of the pecuniary legacies.

Affirmed.