· JESSE SEVERT, BLAND SEVERT, DEAN SEVERT AND THELMA SEVERT, BY THEIR NEXT FRIEND, D. L. FRANCIS, v. NELLIE SEVERT LYALL, NELIA SEVERT CHURCH AND HUSBAND, FLOYD W. CHURCH.

(Filed 8 January, 1943.)

**1. Descent and Distribution § 1—**
  Under the common law rule an estate in land, not accompanied by actual possession, was not inheritable. There was no full and complete ownership until the owner had made an actual corporal entry into the lands.

**2. Same—**
  Seizin of the common law requires that there shall be either actual possession or the right of immediate possession, while the statute, C. S., 1654, requires that there need be only a right to or interest in the inheritance, with or without actual possession or the present right of possession, in order to establish a *stirps* sufficient as a source of descent.

**3. Estates § 9a—**
  When the owner of a fee conveys it to one for life with remainder to another, the remainderman takes a vested estate by purchase and becomes a new *stirps* of inheritance, or new stock of descent.

**4. Same: Descent and Distribution § 10a—**
  Where the owner of land, subject to an outstanding life estate, predeceases the life tenant, intestate and without issue, his interest, being vested, passes to his heirs who are then *in esse,* that is in life, or born within ten lunar months thereafter. C. S., 1654.

APPEAL by plaintiffs from *Rousseau, J.,* at July Term, 1942, of ASHE. Affirmed.

Civil action to quiet title to real property.

One J. G. Severt died 5 March, 1907, seized and possessed of certain land in Ashe County which is the subject matter of this controversy. He left a last will and testament in which he devised said land "to my beloved wife, Letha Severt, during her natural life, and at her death to go in fee simple to Clarence Odell Severt, son of W. A. Severt."

Clarence Odell Severt, the remainderman, survived the testator but died 23 August, 1914, intestate, and without issue. He predeceased the life tenant. At the time of his death he left surviving as his heirs at law two sisters of the whole blood, the defendants Nellie Severt Lyall and Nelia Severt Church. After his death there were born to his father and second wife four children, the plaintiffs herein. The eldest was born in December, 1919, many years after the death of the remainderman, but all were born prior to the death of the life tenant.

Letha Severt, the life tenant who had intermarried with W. T. Perkins 13 September 1940, left a last will and testament in which she undertook to devise the *locus in quo* to Nelia Clementine Witherspoon, who is the same person as the defendant Nelia Severt Church. On 23 February, 1941, defendant Nellie Severt Lyall conveyed her interest in said property, by deed, to defendant Nelia Severt Church.

Plaintiffs instituted this action 14 November, 1941, alleging that they, as the brothers and sister of Clarence Odell Severt, the remainderman, surviving at the time of the death of the life tenant, are the owners and entitled to the possession of the *locus in quo* and that the will of Letha Severt Perkins and the claim of defendants that they are the heirs of the remainderman cast a cloud on their title. They pray that they be adjudged the owners of said property free and clear of said claims. The defendants Nelia Severt Church and husband, W. Floyd Church, answering the complaint, pleaded ownership in fee in Nelia Severt Church and prayed judgment accordingly.

When the cause came on to be heard, trial by jury was waived and it was agreed that the judge should hear the evidence, find the facts therefrom and render judgment thereon. After hearing the evidence and finding the facts, which appear of record, the court below entered judgment decreeing that the defendant Nelia Severt Church is the owner in fee simple and is entitled to the possession of the lands in controversy. Plaintiffs excepted and appealed.

*Bowie & Bowie for plaintiffs, appellants.*
*R. F. Crouse and Ira T. Johnston for defendants, appellees.*

BARNHILL, J. When the owner of land, subject to an outstanding life estate, predeceases the life tenant, intestate and without issue, who

inherits his interest in the land? Is the roll called and his heirs ascertained as of the date of his death or as of the date of the later death of the life tenant? These are the questions presented on this appeal.

The court below concluded that the roll is called as of the date of the death of the remainderman and that, therefore, title to the *locus in quo*, upon the death of Clarence Odell Severt, descended to and vested in the *feme* defendants. We concur.

Under the common law rule an estate in land not accompanied by actual possession was not inheritable. There was no full and complete ownership until the owner had made an actual corporal entry into the lands. The rule is stated by Blackstone as follows:

"So, also, even in descents of lands by our law, which are cast on the heir by act of the law itself, the heir has not *plenum dominium*, or full and complete ownership, till he has made an actual corporal entry into the lands; for if he dies before entry made, his heir shall not be entitled to take the possession, but the heir of the person who was last actually seized. It is not, therefore, only a mere right to enter, but the actual entry, that makes a man complete owner, so as to transmit the inheritance to his own heirs; *non jus, sed sesina, facit stirpitem.*"

This common law rule, with one modification, prevailed in this State for many years. It is thus stated in the Revised Statutes of 1837, ch. 38:

"Rule 1. Inheritances shall lineally descend to the issue of the person, who died last actually or legally seized, forever, but shall not lineally ascend, except as is hereafter provided for."

Thus, under the common law actual seizin was required. A bare right or title to enter or be otherwise seized would not do. 2 Black. Com., 209; Co. Lit., 15. Under our law as expressed in the 1837 Code, legal seizin or the present right to possession was sufficient. *Lawrence v. Pitt,* 46 N. C., 344; *Exum v. Davie,* 5 N. C., 475; *Bell v. Dozier,* 12 N. C., 333.

Under our rule as it then existed, as well as under the common law rule, neither plaintiffs nor defendants would take title as heirs of the remainderman for he was not in possession, either actual or legal, and his estate was not transmittible by inheritance.

But the Revised Code of 1854 made material and substantial changes in our statute of descents as it relates to the requirement of seizin. The pertinent part of the statute is as follows:

"1. When any person shall die seized of any inheritance, or of any right thereto, or entitled to any interest therein, not having devised the same, it shall descend under the following rules:

"Rule 1. Every inheritance shall lineally descend forever to the issue of the person, who died last seized, entitled or having any interest therein, but shall not lineally ascend, except as is hereinafter provided. . . .

"Rule 13. (Added by codifiers.) Every person, in whom a seizin is required by any of the provisions of this chapter, shall be deemed to have been seized, if he may have had any right, title, or interest in the inheritance." Ch. 38, Revised Code of 1854.

The statute, as thus written, has been brought forward in subsequent codes and is the law as it presently exists in this State. C. S., 1654.

Thus the seizin either in law or in deed of the common law is not the seizin of the statute. The former requires that there shall be either actual possession or the right of immediate possession, while the latter requires that there need be only a right to or interest in the inheritance, with or without actual possession or the present right of possession, in order to establish a *stirps* sufficient as a source of descent.

Clarence Odell Severt, upon the death of the testator and by virtue of the devise to him, became seized of a vested remainder. *Priddy & Co. v. Sanderford,* 221 N. C., 422. This seems to be conceded. Being a vested remainder, it was a fixed interest in land to take effect in possession after the particular estate is spent. *Priddy & Co. v. Sanderford, supra.* As the owner of the remainder he had a vested interest in the land and was "seized" of an interest in the inheritance and the remainder owned by him became a new estate acquired by purchase. It passed by inheritance in the line of the new purchaser. 2 Minor Institutes, 442.

When the owner of the fee conveys it to one for life with the remainder to another the remainderman takes by purchase and becomes a new *stirps* of inheritance or new stock of descent. On his death the estate passes directly to his heirs at law. *King v. Scoggin,* 92 N. C., 99; *Early v. Early,* 134 N. C., 258; *Tyndall v. Tyndall,* 186 N. C., 272, 119 S. E., 354; *Allen v. Parker,* 187 N. C., 376, 121 S. E., 665; *Hines v. Reynolds,* 181 N. C., 343, 107 S. E., 144.

It follows that the *feme* defendants, the nearest blood kin of Clarence Odell Severt, living at the time he died, acquired title by inheritance at his death. Plaintiffs cannot take as his heirs. They were not "in life" at the time of the death of the remainderman and were not born within ten lunar months thereafter. C. S., 1654, Rule 7.

The judgment below is

Affirmed.