WACHOVIA BANK & TRUST COMPANY AND ZEB GRUBB LITTLE, Co-EXECUTORS AND CO-TRUSTEES UNDER THE WILL OF ZEB VANCE GRUBB, v. ALMA LEE GRUBB, EDNA GRUBB LITTLE, BEULAH GRUBB FITZGERALD, R. C. FITZGERALD, EULA GRUBB BECK, RALPH BECK, THEO GRUBB, MIRIAM GRUBB, LILLIAN GRUBB, ZEB GRUBB LITTLE, INDIVIDUALLY, JUNE CARTER LITTLE, SARAH JEAN HOLLAND LITTLE, FLORENCE HUDDLE, JOHN HUDDLE, R. C. FITZGERALD, JR., LOTTA FITZGERALD, ROBERT EDWIN FITZGERALD, MAY FITZGERALD, ROBERT EDWIN FITZGERALD, JR., THOMAS K. FITZGERALD, W. B. HUNT, GUARDIAN FOR LOU GRUBB AND ROBT. GRUBB, JR., MINORS; LOU GRUBB, ROBERT GRUBB, JR., AND THE UNBORN ISSUE OF EDNA GRUBB LITTLE, BEULAH GRUBB FITZGERALD, EULA GRUBB BECK, THEO GRUBB, LOU GRUBB, JUNE CARTER LITTLE, ZEB GRUBB LITTLE AND ROBERT GRUBB, JR., AND HUBERT E. OLIVE, GUARDIAN AD LITEM FOR ROBERT EDWIN FITZGERALD, JR., THOMAS K. FITZGERALD, AND THE UNBORN ISSUE OF EDNA GRUBB LITTLE, BEULAH GRUBB FITZGERALD, EULA GRUBB BECK, THEO GRUBB, LOU GRUBB, JUNE CARTER LITTLE, ZEB GRUBB LITTLE AND ROBERT GRUBB, JR.

(Filed 13 December, 1950.)

**1. Wills § 38—**

The *corpus* of the estate remaining after payment of specific legacies, taxes, debts, and costs of the administration, is the residue, and while the

amount cannot be determined until the administration is complete, it is then to be determined as of the date of the testator's death.

2. **Wills § 34e—Beneficiaries of income held entitled thereto from date of testator's death.**

The will in suit devised the residue of the estate in trust with provision that "the entire net income" be "paid monthly, or quarterly, after the expiration of three years from the date of my death" to named beneficiaries. *Held:* The income from the trust for the first three years should not be added to the *corpus* of the estate, but the beneficiaries named are entitled thereto with payment merely postponed until three years after testator's death, both under the general rule that the beneficiary of income is entitled thereto from the date of testator's death, and also in accordance with testator's intent as expressed in the instrument, since the word "entire" used in the bequest of the income imports all the income undiminished and unimpaired.

APPEAL by petitioners and respondent Hubert E. Olive, guardian *ad litem,* from *Clement, J.,* September Term, 1950, DAVIDSON. Affirmed.

Petition for construction of will and for advice and direction in the administration of a testamentary trust.

On 31 August 1949, Zeb Vance Grubb of Davidson County died testate. He was the owner of a large estate located in Davidson County. He devised and bequeathed to petitioners, in trust, all the residue of his estate, after the payment of debts, costs of administration, and specific legacies, to administer the same for a period of twenty years.

The pertinent trust provision is as follows:

"Article XIV . . .

"(1) The entire net income derived from my trust estate shall be paid monthly, or quarterly, after the expiration of three years from the date of my death and probate of this will, to the following:" (his widow and other named beneficiaries.)

The will also provided that no cash legacy other than the gifts to four named beneficiaries should be paid "within three years from the date of" his death. While there was a codicil to the will, it is not material to the controversy here presented.

On 24 May 1950, testator's widow, recipient of 52% of the income derived from the trust, notified petitioners, who are also executors, that she claimed her ratable part of the income derived from the residuum of the estate from and after the death of the testator. Certain legatees who are to share in the *corpus* of the estate at the expiration of the trust contend that the income accruing during the three-year period next after the death of testator becomes a part of the *corpus* of the estate and is not distributable as income. The petitioners, faced with this controversy respecting the administration of the estate, filed the petition herein to obtain the advice of the court and directions as to the proper disposition

of the net income of the trust estate accruing during the three years next after the death of testator.

The court below adjudged that the beneficiaries of the trust estate are entitled to the entire net income of the trust accruing from and after the date of the death of the testator and directed the trustees to disburse the same in accord with the terms of the will. The petitioners and Hubert E. Olive, guardian *ad litem* of certain infants who may share in the final distribution of the *corpus* of the trust, excepted and appealed.

*Hudson & Hudson* and *Charles W. Mauzé for petitioner appellants.*
*Hubert E. Olive, guardian ad litem, in propria persona.*
*Linn & Shuford* and *Don A. Walser for Alma Lee Grubb, appellee.*

BARNHILL, J. The residue of the testator's estate was devised to petitioners in trust. The residue of an estate comprehends all of the estate left by the testator at the time of his death, subject to all deductions required by operation of law or by direction of the testator. Conversely stated, the residue is that part of the *corpus* of the estate left by the testator which remains after the payment of specific legacies, taxes, debts, and costs of administration. Webster's New Int. Dic. (2d Ed.); Callaghan, Cyc. Law Dic. (2d Ed.); *Trust Co. v. Jones,* 210 N.C. 339, 186 S.E. 335.

While the exact nature and *quantum* of the residue cannot be determined until the administration is complete, it is formed at the death of the testator and must be ascertained as of that date. *Trust Co. v. Jones, supra; Trust Co. v. Smith,* 165 N.E. 657 (Mass.).

When such residue has been devised in trust with direction that the income therefrom shall be paid to named beneficiaries, does the income accruing during the three-year period next after the death of testator constitute a part of the *corpus* of the trust, or must it be accounted for as income and disbursed as such?

On this question there is some division of judicial opinion. One line of cases establishes what is known as the English rule under which such income must be added to and accounted for as part of the *corpus* of the estate. The other line has formulated a rule, sometimes called the Massachusetts rule, which has been adopted by the authors of the Restatement of the Law of Trusts as representative of the weight of current authority on the subject.

The latter rule is there stated as follows:

"Where a trust is created by will and by the terms of the trust the income is payable to a beneficiary for a designated period, the beneficiary is entitled to income from the date of the death of the testator, unless it is otherwise provided in the will. The rule here stated is applicable to

trusts created by a specific devise or legacy, by a general pecuniary legacy, and by a residuary devise or bequest; and it is immaterial whether the same person is designated as executor and trustee." Restatement of the Law of Trusts, sec. 234, p. 692; *Cannon v. Cannon*, 225 N.C. 611, 36 S.E. 2d 17; 54 A.J. 92; Anno. 70 A.L.R. 636, 105 A.L.R. 1194, and 158 A.L.R. 441.

Under this rule those to whom the income is to be paid are entitled to the income from the date of the death of testator unless it is otherwise provided in the will.

The appellants concede that the general rule, as above quoted, prevails in this jurisdiction, *Cannon v. Cannon, supra,* and that nothing else appearing, all the income must be disbursed as directed in the will. But they stressfully contend that it is "otherwise provided in the will"; that the language "after the expiration of three years from the date of" testator's death fixes the time the income shall begin to accrue to the use of the beneficiaries, as well as the time the payments to them are to begin. We agree that the will specifically designates the income which is to be paid to beneficiaries of the trust and that the language in the will is controlling, but we do not concur in their conclusions as to the effect of the language used by the testator.

The devise to the trustees took effect as of the date of the death of the testator. The trustees are to pay "the entire net income" derived from the trust estate to the named beneficiaries. "Entire" connotes "whole," "total," "all," "undiminished," "unimpaired," "undivided." Webster's New Int. Dic. (2d Ed.). The payment of anything less than the entire net income accruing from the trust property from and after the date of the death of the testator would not suffice to meet the express directions of the testator. The beneficiaries must receive all, undiminished and unimpaired by any deduction, or by application, in whole or in part, to other purposes.

The language "after the expiration of three years from the date of my death" designates the time payments to the beneficiaries shall begin and merely postpones the enjoyment of the gift. *Priddy & Co. v. Sanderford,* 221 N.C. 422, 20 S.E. 2d 341; *Carter v. Kempton, ante,* p. 1, and cases cited.

The language used by the testator is clear. His purpose and intention as expressed thereby are controlling. *Conrad v. Goss,* 227 N.C. 470, 42 S.E. 2d 609; *Taylor v. Taylor,* 228 N.C. 275, 45 S.E. 2d 368; *Schaeffer v. Haseltine,* 228 N.C. 484, 46 S.E. 2d 463; *Trust Co. v. Shelton,* 229 N.C. 150, 48 S.E. 2d 41; *Sutton v. Quinnerly,* 231 N.C. 669.

The testator made a similar provision in respect of the payment of specific legacies. It would seem to be apparent that his intention was to give the executors ample time within which to settle the estate, free from

the demands of devisees who might become importunate. In any event, the language used discloses his intent as to the *quantum* of the income which was to be paid to the beneficiaries. That intent must be effectuated.

So then, whether we apply the general rule prevailing in this jurisdiction or resort to the language used by the testator, the result is the same. The net income accruing from the trust property from and after the death of the testator must be delivered to the trustees, intact, to be paid by them as directed in Item XIV (1) of the will.

The appellees move to dismiss the appeal of the plaintiffs for that they are not the parties aggrieved. They have no partisan interest in the controversy, and they are fully protected by the judgment of the court below. There was no cause for them to appeal. Even so, the appeal of the guardian *ad litem* is sufficient to bring the case here, and their appeal does not complicate the record. The proceeding is *in rem* and constitutes a necessary expense of administration of the estate now in the hands of plaintiffs as executors. The costs must, therefore, be paid out of the funds of the estate. In the light of these facts, we may pass the motion without a ruling thereon.

The judgment of the court below is

Affirmed.