WACHOVIA BANK & TRUST COMPANY AND MARION GREEN JOHNSTON, AS EXECUTORS AND TRUSTEES UNDER THE WILL OF GAY GREEN, DECEASED, AND MARION GREEN JOHNSTON, INDIVIDUALLY, v. EFFIE M. GREEN, OTTIS GREEN, JR.; AILEEN MOREL JOHNSTON AND JOHN DEVEREAUX JOHNSTON, JR., MINORS, REPRESENTED HEREIN BY THEIR DULY APPOINTED GUARDIAN AD LITEM, JOHN DEVEREAUX JOHNSTON; LAURA ADELAIDE GREEN, MARY VIRGINIA GREEN AND MICHAEL JOSEPH GREEN, MINORS, REPRESENTED HEREIN BY THEIR DULY APPOINTED GUARDIAN AD LITEM VIRGINIA F. GREEN; ALL PERSONS NOT NOW IN ESSE WHO MAY HEREAFTER ACQUIRE AN INTEREST IN THE ESTATE OF GAY GREEN, DECEASED, REPRESENTED HEREIN BY THEIR DULY APPOINTED GUARDIAN AD LITEM, JOHN C. CHEESBOROUGH; MARS HILL COLLEGE, A CORPORATION, BREVARD COLLEGE, INC., A CORPORATION, AND ELIADA ORPHANAGE, A CORPORATION (ORIGINAL PARTIES DEFENDANT); AND AILEEN MOREL JOHNSTON (ADDITIONAL PARTY DEFENDANT).

(Filed 6 January, 1953.)

**1. Wills § 40—**

Upon dissenting from her husband's will, the widow has the same rights and estates as if the husband had died intestate, G.S. 30-2, and takes such share as is provided for her by the statute of distribution, G.S. 28-149.

**2. Wills § 34g—**

The ultimate incidence of the federal estate tax is a matter of state law, and no provision of a federal statute can have the effect of controlling the state's statutes, power in this respect not having been granted the Federal Government but being reserved to the states. Tenth Amendment to the Constitution of the United States.

**3. Constitutional Law § 8a—**

Public policy is a matter for the legislative branch of the government and not for the courts.

**4. Wills §§ 34g, 40—**

The federal estate tax should be paid before allotting the widow dissenting from her husband's will her statutory share of the estate notwithstanding that this precludes the application of the marital deduction provision of U.S.C.A. Title 26, sec. 812 (3), since the estate tax is a "debt" within the meaning of G.S. 28-105 and must be paid under state law prior to the distribution of the surplus, G.S. 28-149, the ultimate incidence of the federal estate tax being determinable under state law unaffected by any federal statutory provisions.

**5. Same—**

The widow's dissent from her husband's will is a rejection of it as far as her rights are concerned, and having elected to treat it as a nullity, she may not assert any benefits thereunder, even in regard to direction in the will for the payment of estate taxes.

APPEAL by plaintiffs and defendant Effie M. Green, from *Gwyn, J.,* October Term, 1952, of BUNCOMBE. Affirmed.

Petition by plaintiffs as executors and trustees of the estate of Gay Green, deceased, for advice and direction as to the allocation of the federal estate tax liability of decedent's estate.

The parties of record stipulated and agreed as to the facts pertinent to the question presented. These facts may be briefly summarized as follows:

Gay Green, a resident of Buncombe County, North Carolina, died 8 June, 1951, leaving a last will and testament wherein he appointed Wachovia Bank & Trust Company and Marion Green Johnston executors and trustees. The decedent was survived by his widow Effie M. Green, who within the time and in the manner prescribed by G.S. 30-1 dissented from the will. No child was born of the marriage. Under the terms of the will a large part of the estate valued at more than four million dollars was conveyed to the named executors in trust for the ultimate benefit of testator's niece Marion Green Johnston and nephew Ottis Green, Jr., and their children. Certain real property was devised to Mars Hill College, and Brevard College and Eliada Orphanage were given legacies of $100,000 each. There were also bequests to certain others named in the will.

The testator made certain provisions for his wife, but because of her dissent these were nullified, and she became entitled to her distributive share of one-half the personal estate. She is now 83 years of age.

Following her dissent, Mrs. Effie M. Green notified the executors and trustees of her contention that she was entitled to have one-half share of the personal estate of her husband allotted to her before payment of the federal estate tax, and that her share should not be chargeable with any part of the tax. Marion Green Johnston and Ottis Green, Jr., and other beneficiaries and legatees, signified their opposition, contending that the share of the widow in the personal property of the estate should be allotted to her after payment of all taxes, including the federal estate tax. Thereupon the executors and trustees being uncertain as to their duty and deeming the question one for the decision of the Court instituted this action for advice and direction.

It was agreed that if the statutory share of the defendant Effie M. Green in the personal property of the estate be computed after payment of debts but before payment of the federal estate tax, on the basis of the valuation used by the executors in filing state inheritance tax return, the total federal estate tax would be $915,282.84, and that the net personal property receivable by the widow and qualifying for marital deduction in federal estate tax return would be $1,041,600.81, and the entire tax of $915,282.84 would be payable out of the remaining one-half of the personal estate passing to the next of kin and beneficiaries, $888,185.15, .

which would exhaust their share and require $27,097.69 to be paid from the realty to complete the payment of the federal estate tax due.

On the other hand, if the share of the widow be computed after payment of federal estate tax the total tax liability would be increased to $1,181,780.38, of which the widow would be charged with one-half or $590,890.19, and she would receive for her share $450,710.62, and the next of kin would receive $297,299.96.

All persons interested or who would by any possibility become entitled to an interest in the estate, including those not *in esse*, have been made parties and are properly before the Court.

Upon the facts stipulated and found by the court it was adjudged that the statutory share of the widow Effie M. Green be computed in the personal property of the estate after payment of all debts, costs of administration and taxes, including the federal estate tax.

The plaintiffs, executors and trustees, and the defendant Effie M. Green excepted and appealed.

*George H. Wright for Wachovia Bank & Trust Company and Marion Green Johnston, Executors, appellants.*

*Harkins, Van Winkle, Walton & Buck for defendant, appellant, Effie M. Green.*

*Hudgins & Adams for defendants, appellees, Aileen Morel Johnston, and John Devereaux Johnston, guardian ad litem for John Devereaux Johnston, Jr.*

*Williams & Williams for defendants, Otlis Green, Jr., and Virginia F. Green, guardian ad litem of Laura Adelaide Green, Mary Virginia Green and Michael Joseph Green.*

*John C. Cheesborough, guardian ad litem for persons not now in esse who may hereafter acquire an interest in the estate of Gay Green, deceased.*

DEVIN, C. J.    Gay Green died in June, 1951, leaving an estate valued at more than four million dollars, all of which he disposed of according to the terms of his will. He was survived by his widow Effie M. Green, who elected not to take under the will, and, within the time and in the manner provided by law, signified her formal dissent therefrom. There were no children born of the marriage and the next of kin and principal beneficiaries under the will were a niece and nephew. Consequent upon her dissent the widow became entitled to "the same rights and estates in the real and personal estate of her husband as if he had died intestate." G.S. 30-2. No question as to the real property of the decedent is presented. In case of intestacy of the husband the North Carolina statute of distribution, G.S. 28-149 (3), makes this provision for the surviving

widow: "If there is no child nor legal representative of a deceased child, then one-half the estate shall be allotted to the widow, and the residue be distributed equally to every of the next of kin of the intestate."

The question here presented for decision is whether in the administration of the estate of Gay Green the statutory share of the dissenting widow in the personal property of the decedent under the facts agreed should be allotted to her after the payment of the federal estate tax, or whether the widow's share should be allotted undiminished by this tax.

The court below was of opinion, and so adjudged, that the share of defendant Effie M. Green in the personal estate of her deceased husband should be computed in the personal property remaining after the payment of all debts and taxes including the federal estate tax. Counsel for the appellant Effie M. Green argued with much earnestness that this Court should take into consideration the effect of the 1948 amendment to the Federal Revenue Act (U.S.C.A. Title 26, sec. 812 (e)) and adopt the view which would permit the application of the marital deduction provision of the statute to this case, and thereby reduce the value of the decedent's gross estate by that passing by operation of law to his widow and free that share from the impact of the federal estate tax.

The pertinent portions of this amended section upon which the appellant Effie M. Green relies may be stated as follows: "For the purpose of the tax, the value of the net estate shall be determined in the case of a citizen or resident of the United States by deducting from the value of the gross estate . . . (A) In general. An amount equal to the value of any interest in property which passes or is passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. . . . (E) Value of interest passing to surviving spouse. In determining for the purposes of subparagraph (A) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this sub-section. . . . (i) there shall be taken into account the effect which a tax imposed by this Chapter on any estate, succession, legacy or inheritance tax has upon the net value to the surviving spouse of such interest."

This means that for the purpose of the tax the value of the decedent's net estate should be determined by deducting from the value of the gross estate the value of the interest which passes from the decedent to the surviving spouse, but only to the extent such interest is included in determining the value of the gross estate. All the property up to 50% of the adjusted gross estate of the decedent which passes to his widow as owner is treated as a marital deduction, and this marital deduction is deducted from the value of the estate to be taxed. That is, the basis for the incidence of the federal estate tax would be diminished by reason of and to the extent of the marital deduction which she is permitted to have free from

the tax. It was argued by appellant that the widow should not be required to contribute to the federal estate tax for the reason that this tax is an excise tax upon the transfer of the estate at death of the owner rather than a tax imposed upon the interest received, and the interest of the owner in one-half of his personal estate ceased at his death, his widow then becoming the owner thereof. The federal statute does not tax this interest because the decedent could not control its devolution. It should be considered as that part of the husband's estate which ceased at his death.

It is urged that by adopting and promulgating this view as the basis of decision in this case this Court would give effect to the manifest purpose of the amendment of 1948 which was to equalize the federal estate tax in common law states with that imposed in those states where marital community of property is in effect. Appellant points out that if the ruling of the court below be upheld and the share of the personal estate passing to the widow be held chargeable with its proportionate part of the federal estate tax, the marital deduction otherwise allowable would be reduced accordingly, and the amount of the tax would be increased, while the widow's share would be materially reduced. The epitome of the appellant's argument is that the federal statute as amended has now opened the way to permitting the widow, a resident of this State, to receive the benefit of the full marital deduction whereby the burden of the tax would be lessened and the inequality suffered by citizens of this State removed. Hence this Court is urged to reverse the judgment below and authorize the executors of the Gay Green estate to allot to the widow her statutory share in the decedent's personal estate before payment of the federal estate tax.

Persuasive as these arguments would seem to be, we are constrained to hold that under the North Carolina statutes, and in the light of the decisions of this Court relating to the question presented, the one-half share of the dissenting widow in the personal estate of the decedent should be paid to her by the executors after the payment of all taxes including the federal estate tax.

The judicial determination that the share of the estate of the husband dying intestate which passes by operation of law to his surviving spouse should be untouched by the federal estate tax is usually made to rest upon the premise that during the marriage the accumulation of property has been by the joint effort of both husband and wife, subject to the husband's control, and when the marriage is dissolved by the death of the husband his control ceases, and the wife resumes possession and control of that part of the estate which was her own. The federal estate tax is not an inheritance tax, nor is it imposed upon the property itself but upon its transition, and the share allotted to the widow out of her husband's estate

is regarded not as part of the decedent's estate upon which the tax is computed but as the separate property of which she is the owner. Hence this property neither creates nor adds to the tax.

However, the doctrine of marital community of property is not recognized in North Carolina, nor do we have any statute which has the effect of bringing the administration of estates and the method of distribution into conformity with that principle. The federal tax statute as amended which makes provision for marital deduction does not have the effect of controlling the state statutes as to the administration of decedent's estate. Power in this respect has not been granted to the Federal Government, and the right of state control is reserved (10th Amendment). The Supreme Court of the United States has repeatedly declared the Federal Government is concerned only with the collection of the tax, leaving it to the states to determine how the burden shall be distributed and upon whom the impact shall fall. *Y. M. C. A. v. Davis,* 264 U.S. 47; *Riggs v. Del Drago,* 317 U.S. 95; *Fernandez v. Wiener,* 326 U.S. 340. "Although the share of the surviving spouse is subject to the lien and the tax must be paid out of the estate as a whole, the federal statute leaves it to the states to determine how the tax burden shall be distributed among those who share in the taxed estate." *Fernandez v. Wiener, supra.* See also note in 1 A.L.R. (2) 1107. The ultimate incidence of the federal estate tax is a matter of state law. *Re Zahn's Estate,* 300 N.Y. 1.

The public policy of the state is a matter for the legislative branch of the government and not for the courts. Whether any change should be made in the manner of distribution to the widow of her interest in the estate of her husband, in view of the provision for marital deduction contained in the federal statute, is a matter for the General Assembly.

The statute now in force in this State prescribes that the dissenting widow shall receive one-half the personal estate of her departed spouse as her distributive share, and directs the personal representative, in case of intestacy, after payment of debts in the order prescribed by G.S. 28-105, to distribute the surplus in the manner set out in G.S. 28-149. The word surplus means the personal property left after payment of the debts of the deceased and the costs of administration. Douglas Administration of Estates, sec. 222. It means the balance for distribution after all expenses of administration and debts including taxes have been paid. *Weinberg v. Safe Deposit & Trust Co.,* 85 A. (2) 50; *Hunter v. Husted,* 45 N.C. 97.

In *Hunter v. Husted, supra,* it was said that "in case of dissent, the amount of the widow's share is to be ascertained precisely as if the husband had died intestate; that is, in this case, upon settlement, ascertain the value and amount of the whole personal estate after payment of debts, and one-third of that is the amount of the widow's share."

The word "debts" as used in the statute G.S. 28-105 prescribing the order of their payment would seem to include the federal estate tax. The statute specifically names "Dues to the United States" as debts of the decedent which must be paid, and concludes with the all-embracing clause "all other debts and demands." *Leggett v. College,* 234 N.C. 595, 68 S.E. 2d 263; *Guilford v. Georgia Co.,* 112 N.C. 34, 17 S.E. 10; *Mayer v. Reinecke,* 130 F. (2) 350; *Camden v. Coal Co.,* 106 W. Va. 312, 61 A.L.R. 584; 51 A.J. 42. The obligation to pay taxes is regarded as a personal debt due the United States. *Billings v. U. S.,* 232 U.S. 261 (287).

In *Leggett v. College, supra,* in the settlement of claims against an insolvent corporation it was held unpaid income taxes due the United States were debts entitled to priority of payment out of the fund. In *Mayer v. Reinecke,* 130 F. (2) 350 (decided 19 July, 1952), in a case involving the federal estate tax, under the Illinois statute which provided for the computation of the widow's share in her deceased husband's personalty after payment of all debts, it was held that the words "all debts" included the debts of the estate as well as those of the decedent, and that the value of the widow's share should be included in the gross estate for the purpose of the federal estate tax.

The decisions in other states where the principle of marital community of property prevails or where there are statutes authorizing apportionment of this tax are not helpful to us in this case in determining the incidence of the federal estate tax as it affects the share of the widow who has dissented from the will.

In the recent case of *Florida Nat. Bank & Trust Co. v. Fuchs,* 60 So. (2) 536 (decided 18 July, 1952), it was held that under a Florida statute, declaring a policy of equitable apportionment, the Legislature intended to exempt from the impact of the tax those assets of decedent's estate not included in the taxable "net estate" and the transfer of which did not add to the burden of the estate's federal estate tax.

In *In re Peters' Will,* 89 N.Y.S. (2) 651 (decided in 1949), it was held that construing sec. 812 (e) of the federal statute with the New York state statute, in arriving at the value of the net estate to which the widow was entitled, the marital deduction should be allowed.

The appellant's position finds support in a Kentucky case, *Lincoln Bank & Trust Co. v. Huber,* 240 S.W. (2) 89 (decided May, 1951), where without the aid of an apportionment statute the Court held the dissenting widow should receive her share of the estate undiminished by any federal estate tax. It seems, however, that the Court had "developed and maintained a rule of equitable apportionment relative to the imposition of the federal estate tax, and that under this rule the widow's share in the present case should not bear any portion of the estate tax." The Court stated the grounds upon which the decision rested as follows: "Under the

authority of *In re Peters* above, we conclude that if the marital deduction is a deductible item before arriving at the net taxable estate, and since that item does not add to the tax, it cannot be burdened with any portion of the federal estate tax. The surviving spouse, therefore, should receive her share undiminished by any federal estate tax."

The appellant also calls our attention to a recent Ohio case, *Miller v. Hammond,* 156 Ohio St. 475 (decided January, 1952), where it was held that the dissenting widow under the Ohio statutes of distribution was entitled to the marital deduction provided by sec. 812 (e) of the federal statute and to have her share of the decedent's estate free of the federal tax. One Justice dissented.

However, in Illinois a different conclusion was reached. In *First National Bank of Chicago v. Hart,* 383 Ill. 489, it was said, "In the absence of statutory enactment directing otherwise, the federal tax must be considered as a charge against the whole estate and not against the individual shares, unless otherwise specifically directed by the testator." And in the recent case of *Northern Trust Co. v. Wilson,* 344 Ill. App. 508 (decided 21 November, 1951), it was held that, notwithstanding the federal statute of 1948, under appropriate state statutes the dissenting widow took her statutory share of her husband's estate after deduction of the federal estate tax.

In Maryland, in the case of *Weinberg v. Safe Deposit & Tr. Co.,* 85 A. (2) 50 (decided December, 1951), it was held that a state statute which provided for apportionment of this tax antedated the federal statute of 1948, and that the widow's share in her husband's estate should be allotted to her after payment of taxes, including the federal estate tax. In the opinion in that case *Chief Justice Marbury* discussed the decisions in other jurisdictions in which the marital deduction was allowed, but concluded that the reasoning in those cases could not be applied in the face of state statutes which seemed to direct otherwise.

In Arkansas where a state statute permits apportionment of the burden of federal estate tax among beneficiaries, it was held in *Terral v. Terral,* 212 Ark. 221, that the term "beneficiary" included the widow's share in her husband's estate, and that the tax should be paid out of the estate as a whole, and that the manner of distribution and the determination of the ultimate impact of the tax were governed by state law. See also *McLaughlin v. Green,* 136 Conn. 138, 15 A.L.R. (2) 1210.

The precise question here presented has not heretofore been decided by this Court, but in *Buffaloe v. Barnes,* 226 N.C. 313, 38 S.E. 2d 222, and in *Craig v. Craig,* 232 N.C. 729, 62 S.E. 2d 336, it was held the federal estate tax should be paid out of the general funds of the estate, and that in the absence of testamentary provision the ultimate burden of the tax would fall upon the residuary estate. This would seem to indicate the

view that the federal estate tax should be regarded as a charge against the whole estate, to be paid from the residuary estate in the same manner as debts and expenses of administration. "The residue of an estate . . . is that part of the *corpus* of the estate left by the testator which remains after the payment of specific legacies, taxes, debts and costs of administration." *Trust Co. v. Grubb,* 233 N.C. 22, 62 S.E. 2d 719. Residue means that which remains after a part is taken. *Hager v. Becker,* 310 Ky. 340. In *Y. M. C. A. v. Davis,* 264 U.S. 47, it was held the charities named in the will should receive what was left after payment of funeral expenses, debts of decedent and taxes.

In *Trust Co. v. Waddell,* 234 N.C. 454, 67 S.E. 2d 651, the question here debated was not presented. In that case the testator specifically directed the payment of the federal estate tax by the executor.

In this case the widow having dissented from the will is entitled to exactly the same share in her husband's estate she would have received if he had died intestate. So far as her property rights in her husband's estate are concerned there is no will. G.S. 30-2. In all other respects the will remains and the executors are controlled by its terms. *Baptist Female University v. Borden,* 132 N.C. 476, 44 S.E. 1007. The testator Gay Green in his will directed that "all estate, inheritance or succession taxes of every kind which may be assessed against my estate or against any beneficiary thereunder in connection with my estate, shall be paid by my executors as debts of my estate, out of the general assets thereof, without diminishing any specific devise or bequest contained herein by reason hereof." But the appellant Mrs. Green cannot find support for her position from this provision in the will as she has by her dissent rejected the will, and elected to treat it as a nullity so far as her interests are concerned. Hence she will not be permitted to take benefit from the will she has declined to accept. *Trust Co. v. Burrus,* 230 N.C. 592, 55 S.E. 2d 183; *Lamb v. Lamb,* 226 N.C. 662, 40 S.E. 2d 29. She cannot now bring herself within the classification of devisee or legatee under the will or become entitled to any right or benefit therein prescribed. All she is entitled to passes to her by operation of law.

Though the plaintiffs as executors and trustees have taken no position on the question debated between the defendant Mrs. Effie M. Green and the devisees and legatees under the will, they have joined in the appeal for the purpose of obtaining the decision of this Court for their guidance in the administration of decedent's estate.

After consideration of the facts agreed, and the excellent briefs of appellants and appellees, we reach the conclusion that the judgment below should be affirmed and that the statutory share of the dissenting widow in the personal estate of her late husband should be computed after the

payment of all debts, costs of administration and taxes, including the federal estate tax.

Judgment affirmed.