MARGARET YOUNG TOLSON and WADE A. GARDNER, EXECUTORS OF THE ESTATE OF C. F. YOUNG; MARGARET YOUNG TOLSON, INDIVIDUALLY; DAVID C. TOLSON, JOHN JARVIS TOLSON, IV, A MINOR; HARRIETT BOYKIN TOLSON, A MINOR; THE MINORS APPEARING HEREIN BY THEIR NEXT FRIEND, JOHN WEBB v. MARGARET WEEKS YOUNG.

(Filed 20 November 1963.)

**Wills § 60—**

A childless widow who dissents from the will of her husband who is survived also by one or more lineal descendants by a former marriage, takes her statutory share of the estate computed after the deduction of the Federal estate taxes. G.S. 30-3(b).

APPEAL by defendant from *Bone, J.*, March 1963 Session of WILSON.

This action was instituted under G.S. 1-253 *et seq.* by the executors and beneficiaries named in the will of C. F. Young against his dissenting widow to determine her share of the estate.

*Gardner, Connor & Lee for plaintiff appellees.*
*Allen W. Harrell for defendant appellant.*

SHARP, J. C. F. Young died testate on August 16, 1960. He left surviving him a widow, the defendant Margaret Weeks Young who

was his second wife, and one child by a former marriage, the plaintiff Margaret Young Tolson. In apt time the widow duly filed a dissent to her husband's will. Except for making final distribution, the executors have completed the administration of the estate including the payment of the federal estate tax.

This appeal presents one question: Is the distributive share of a childless widow who dissents from her husband's will computed before or after payment of the federal estate tax when the testator is survived by one or more lineal descendants by a former marriage? Plaintiffs contend that the widow's distributive share is determined after the payment of federal estate tax; the defendant widow contends it is determined before and undiminished by such tax. The defendant appeals from a judgment of the Superior Court directing the executors to calculate the widow's share in the estate after the deduction and payment of the federal estate tax.

This Court first considered the question whether the distributive share of a dissenting widow should be computed before or after the payment of the federal estate tax in *Trust Co. v. Green*, 236 N.C. 654, 73 S.E. 2d 879. In that case, the testator died in June 1951 leaving a widow but no lineal descendants. The widow elected to take her statutory share in the estate of her husband. At that time G.S. 30-2 provided that a widow, upon dissent, became entitled to "the same rights and estates in the real and personal property of her husband as if he had died intestate." The applicable statute, G.S. 28-149(3), gave a widow one half of the "surplus of the estate" when the deceased left no lineal descendants. G.S. 28-105, then as now, provided the order of payment of debts and, in the fourth class, included "Dues to the United States." In *Green*, this Court held that the word *debt*, as used in G.S. 28-105, included the federal estate tax and that the share of the widow in the personal estate of her deceased husband should be computed after the payment of all debts, costs of administration, and taxes, including the federal estate tax. This opinion was filed January 6, 1953. In it, Devin, C.J., said:

> "The public policy of the state is a matter for the legislative branch of the government and not for the courts. Whether any change should be made in the manner of distribution to the widow of her interest in the estate of her husband, in view of the provision for marital deduction contained in the federal statute, is a matter for the General Assembly."

A review of the history of subsequent legislation is pertinent at this point. On April 30, 1953 the General Assembly rewrote subsection

3 of G.S. 28-149 to provide, in effect, that after the payment of all debts and costs of administration the net personal estate of a childless married man should be distributed as follows:

(a) If less than $10,000, *all* the personal estate should be allotted to the widow.

(b) If more than $10,000, the widow would receive $10,000 "plus one-half of the remainder which one-half shall be estimated and determined before any estate or inheritance tax levied or assessed under any law enacted by the Congress of the United States is deducted or paid and shall be free and clear of any such tax."

(c) If the decedent died testate and his widow dissented from the will she would receive only one half of the personal estate but it was to be free and clear of any federal estate tax as provided in (b) above.

Subsection (c) of rewritten G.S. 28-149(3) covered the factual situation in the *Green* case; so it is patent that the legislature intended to change the rule of that case *as it applied to the widow of a testator leaving no lineal descendants.* Subsection (b) also exempted from the charge of the federal estate tax a widow's share in the remainder of the personal estate of her childless *intestate* husband in excess of $10,-000. Legislation which would have completely nullified the effect of the *Green* case failed. Senate Journal, Session of 1953, 305 and 436; 31 N.C.L. Rev. 491, 494. It is therefore quite clear that the 1953 Legislature did not intend to change the rule laid down in *Trust Co. v. Green* that all debts, including the federal estate tax, are to be determined and paid prior to ascertaining the distributive share of the widow except in the two situations delineated above in subsections (b) and (c) where the decedent left surviving him no lineal descendants.

G.S. 28-149(3) remained unchanged until it was repealed by the 1959 General Assembly when it rewrote the intestate succession laws and the statutes on dissents from wills. These changes became effective July 1, 1960. A subsequent amendment to G.S. 30-3(a) in 1961 does not affect the decision in the instant case. This case is governed by the 1959 enactments to which we now turn.

G.S. 29-13, contained in Article 2 of the 1959 Act, provides:

"All the estate of a person dying intestate shall descend and be distributed, subject to the payment of costs of administration and other lawful claims against the estate, and subject to the payment by the recipient of State inheritance taxes, as provided in this chapter."

G.S. 28-105 directing the order of the payment of debts was not changed.

G.S. 29-14 now defines the share of the surviving spouse of an intestate as follows:

"(1) If the intestate is survived by only one child or by any lineal descendant of only one deceased child, one half of the net estate, including one half of the personal property and a one-half undivided interest in the real property; or

"(2) If the intestate is survived by two or more children, or by one child and any lineal descendant of one or more deceased children or by lineal descendants of two or more deceased children, one third of the net estate, including one third of the personal property and a one-third undivided interest in the real property; or

"(3) If the intestate is not survived by a child, children or any lineal descendant of a deceased child or children but is survived by one or more parents, a one-half undivided interest in the real property and the first ten thousand dollars ($10,000.00) in value plus one half of the remainder of the personal property; or

"(4) If the intestate is not survived by a child, children or any lineal descendant of a deceased child or children or by a parent, all the net estate."

Had C. F. Young died intestate the share of his widow would have been determined by G.S. 29-14(1). However, he died testate and his widow dissented from his will.

The effect of a widow's dissent is spelled out in G.S. 30-3(a) and (b) as follows:

"(a) Upon dissent as provided for in G.S. 30-2, the surviving spouse, except as provided in subsection (b) of this section, shall take the same share of the deceased spouse's real and personal property as if the deceased had died intestate; *provided, that if the deceased spouse is not survived by a child, children, or any lineal descendant of a deceased child or children, or by a parent,* the surviving spouse shall receive only one half of the deceased spouse's estate, *which one half shall be estimated and determined before any federal estate tax is deducted or paid and shall be free and clear of such tax.* (Italics ours).

"(b) Whenever the surviving spouse is a second or successive spouse, he or she shall take only one half of the amount provided by the Intestate Succession Act for the surviving spouse if the testator has surviving him lineal descendants by a former marriage but there are no lineal descendants surviving him by the second or successive marriage."

In only one instance do the 1959 enactments provide that the share of *any* widow shall be determined before the federal estate tax is paid. That is the situation embodied in the proviso of G.S. 30-3(a) which, in effect, describes the factual situation of the *Green* case and incorporates the 1953 change made in G.S. 28-149(3)(c). G.S. 29-14 of the 1959 Act contains no tax-relief provision corresponding to that in repealed G.S. 28-149(3)(b). We must assume that this omission was deliberate and that, except as specified by G.S. 30-3(a) the legislature did not intend to disturb the rule this Court laid down in the *Green* case.

Under the law, as it is now written, the only instance where a surviving wife is allowed to take her distributive share free and clear of the federal estate tax occurs when her husband dies testate, leaves no lineal descendants or parents surviving him, and she dissents from his will. This was the state of facts in *Bank v. Melvin*, 259 N.C. 255, 130 S.E. 2d 387. The facts in this case come within G.S. 30-3(b). Therefore, after the payment of the costs of administration, all other lawful claims against the estate, including the federal estate tax, and subject to the payment of her state inheritance taxes, defendant is entitled to a one-fourth share in the estate of C. F. Young.

The judgment of the Superior Court is
Affirmed.