LILA A. ADAMS, Individually and as Executrix of the Will of THOMAS E.
ADAMS v. WALTER T. ADAMS, Individually and as Trustee under the
Will of THOMAS E. ADAMS, BEULAH ADAMS STARMONT, MONNIE
ADAMS, JR., MARION ELIZABETH ADAMS MORRISETTE, and HAZEL
GRANT ADAMS.

(Filed 26 February 1964.)

**1. Wills § 34—**

Where the will leaves property in trust for the benefit of the widow for
life, to be divided after her death among named beneficiaries, the interest of
a beneficiary dying during the trust descends to his distributees and heirs at
law.

**2. Wills § 70—**

Where a will leaves one-half of an estate to testator's widow absolutely,
and the remaining one-half in trust for her benefit for life with remainder
over to designated beneficiaries, there is no residuary estate, and the widow's
share is chargeable with one-half of the cost of administration and Federal
estate taxes, G.S. 30-3(a) being applicable only in the event of a dissent from
the will.

Appeal by plaintiff, individually and as executrix, from *Peel, J.,* in
Chambers at Beaufort, North Carolina, 31 December 1963. From Beaufort.

Thomas E. Adams, late of Beaufort County, North Carolina, died on
3 April 1961, leaving a last will and testament which has been duly probated and recorded in the office of the Clerk of the aforesaid county.

On 18 April 1961, letters testamentary were issued by the court to
plaintiff as executrix of said will.

The sole devisees and legatees under the provisions of said will were
as follows: Lila A. Adams, Walter T. Adams, individually and as trustee,
Beulah Adams Starmont, Monnie Adams, Monnie Adams, Jr. and Marion
Elizabeth Adams Morrisette.

On 15 May 1962, Monnie Adams, one of the legatees in said will, died
intestate, leaving as his sole distributees and heirs at law his widow,
Hazel Grant Adams, and children, Monnie Adams, Jr. and Marion Elizabeth Adams Morrisette, all of whom are parties to this action.

The plaintiff, pursuant to the provisions of our Declaratory Judgment
Act, codified as G.S. 1-253, *et seq.,* presented two questions for decision
of the court below:

(1) Did the devise and bequest to Monnie Adams, in Item III of the
will, lapse by reason of his death, or did his interest as a beneficiary of
the trust descend to his distributees and heirs at law?

(2) Are the costs and expenses of administration and Federal estate
taxes payable from the residuary devise and bequest to Walter T.

Adams, as trustee, or is the devise and bequest to the widow in Item II chargeable with one half thereof?

The items of the will to be considered in connection with the determination of the questions posed are as follows:

"ITEM I. My executrix, hereinafter named, shall give my body a decent burial suitable to the wishes of my friends and relatives and pay all funeral expenses, together with *all my just debts,* out of the first funds which may come into her hands belonging to my Estate. (Emphasis ours)

"ITEM II. I give, devise and bequeath to my wife, Lila A. Adams, one-half of my property, real and personal, to be hers absolutely.

"ITEM III. The remaining one-half of my property, real and personal, I give, devise and bequeath to my son, Walter T. Adams, in trust for the following purposes:

"(1) To hold, manage, exchange, convert, sell, convey, lease, improve, invest, reinvest and keep invested in such stock, bonds or other securities and properties as shall from time to time be deemed by the said Trustee to be to the best interest of my estate.

"(2) To pay over the net income monthly or quarterly, or as often as in the judgment of my Trustee her needs shall require, to my wife during her lifetime.

"(3) After the death of my wife, to divide and distribute the trust property, discharged of the trust, in such manner as may be agreed upon between the parties as follows: One-fourth to himself; one-fourth to my daughter, Beulah Adams Starmont; one-fourth to my son, Monnie Adams, one-eighth to my grandson, Monnie Adams, Jr., and one-eighth to my granddaughter, Marion Elizabeth Adams Morrisette."

The court below entered judgment to the effect that, the devise and bequest to Monnie Adams in Item III of the will did not lapse by reason of his death and that his interest as a beneficiary of the trust descended to his distributees and heirs at law; and that the devise and bequest to the widow in Item II be charged with one half of the costs and expenses of administration and Federal estate taxes, and the executrix shall be governed accordingly.

The plaintiff, individually and as executrix, appeals, assigning error.

*Rodman & Rodman for plaintiff appellant.*

*Mayo & Mayo for defendants Walter T. Adams, Beulah Adams Starmont, Monnie Adams, Jr., and Marion Elizabeth Adams Morrisette, appellees.*

*Gordon E. Campbell and Bryan Grimes for defendant Hazel Grant Adams, appellee.*

DENNY, C.J.  The appellant does not appeal from or assign as error that portion of the judgment entered below to the effect that the devise and bequest to Monnie Adams in Item III of the will of Thomas E. Adams did not lapse by reason of his death and that his interest as a beneficiary of the trust descended to his distributees and heirs at law. The judgment entered in this respect is in accord with our decisions. *Coddington v. Stone,* 217 N.C. 714, 9 S.E. 2d 420; *Severt v. Lyall,* 222 N.C. 533, 23 S.E. 2d 829; *Jackson v. Langley,* 234 N.C. 243, 66 S.E. 2d 899; *Trust Co. v. McEwen,* 241 N.C. 166, 84 S.E. 2d 642.

The plaintiff, individually and as executrix, assigns as error the conclusion and holding of the court below that, under the terms and provisions of the will of Thomas E. Adams, the devise and bequest to his widow in Item II thereof should be charged with the payment of one half of the costs and expenses of administration and the Federal estate taxes.

In *Trust Co. v. Green,* 236 N.C. 654, 73 S.E. 2d 879, Devin, C.J., speaking for the Court, said: "The word 'debts' as used in the statute G.S. 28-105 prescribing the order of their payment would seem to include the federal estate tax. The statute specifically names 'Dues to the United States' as debts of the decedent which must be paid, and concludes with the all-embracing clause 'all other debts and demands.' * * * The obligation to pay taxes is regarded as a personal debt due the United States. * * *"

The law with respect to liability for payment of Federal estate taxes as held in *Trust Co. v. Green, supra,* remains unchanged except as modified by G.S. 30-3 (a), which reads as follows: "Upon dissent as provided for in G.S. 30-2, the surviving spouse, except as provided in subsection (b) of this section, shall take the same share of the deceased spouse's real and personal property as if the deceased had died intestate; provided, that if the deceased spouse is not survived by a child, children, or any lineal descendants of a deceased child or children, or by a parent, the surviving spouse shall receive only one half of the deceased spouse's net estate as defined in G.S. 29-2 (3), which one half shall be estimated and determined before any federal estate tax is deducted or paid and shall be free and clear of such tax."

However, since no dissent is involved in this appeal, and the testator left lineal descendants, the above statute has no bearing whatever on the question presented for determination. Furthermore, as pointed out in *Tolson v. Young,* 260 N.C. 506, 133 S.E. 2d 135, legislation which would have completely nullified the effect of the *Green* case failed. Senate Journal, Session 1953, 305 and 436; 31 N.C.L. Rev., 491, 494. Therefore, *Sharp, J.,* speaking for the Court in the *Tolson* case, said: "Under the

BENNETT *v.* SURETY CORP.

law, as it is now written, the only instance where a surviving wife is al-lowed to take her distributive share free and clear of the federal estate tax occurs when her husband dies testate, leaves no lineal descendants or parents surviving him, and she dissents from his will. This was the state of facts in *Bank v. Melvin*, 259 N.C. 255, 130 S.E. 2d 387."

In *Buffaloe v. Barnes*, 226 N.C. 313, 38 S.E. 2d 222, it is said: "The general rule, in the absence of contrary testamentary provision, is that the ultimate burden of an estate tax falls on the residuary estate. 142 A.L.R. 1137, and cited cases." Even so, we hold that the will under consideration creates no residuary estate. The devises and bequests in Items II and III of the will dispose of all the estate and are all equally specific. In *Trust Co. v. Grubb*, 233 N.C. 22, 62 S.E. 2d 719, it is said: "The residue of an estate comprehends all of the estate left by the testator at the time of his death, subject to all deductions required by operation of law or by direction of the testator. Conversely stated, the residue is that part of the *corpus* of the estate left by the testator which remains after the payment of specific legacies, taxes, debts, and costs of administration."

The judgment of the court below is
Affirmed.