Gaston, J".
 

 The question submitted for our decision in this case is, whether, there being a deficiency of assets to pay the-debts of the testator, the legacies bequeathed to the defendants, William K. Lane, Barbara Anne Everitt, and Lavinia Everitt, shall abate rateably with the legacy be
 
 *553
 
 queathed to the defendant Elizabeth Hooks, formerly the wife of the testator, or whether the burthen of meeting this deficiency shall be thrown exclusively on the latter. As it is indisputable that the legacies to the first named defendants are specific, the solution of this question depends upon the enquiry whether the legacy to’ the testator’s' wife be specific also.
 

 A legacy is specific, where it is a bequest of a specific part** of the testator’s effects, so distinguished from' the rest thereof, that, upon the assent of the executor, the property in the thing bequeathed vests in the legatee — an individual legacy, which cannot be satisfied but by the delivery of the identical subject. On examination of the bequests in favor of the defendant Elizabeth, it Will be found, that all the things therein mentioned are enumerated as parts of the festafor’s property : “ I give and bequeath to my beloved wife the following property, viz: all the balance of my negroes, &c.” and, with the exception of what may be comprehended under the description of “one year’s provisions,” they are as distinctly specified as the things’which are named in the bequests to the other defendants.
 
 1
 
 The gift of “ the balance’ of my negroes which I am possessed of,” is a gift of each of the testator’s negroes not previously named. The bequest of~ “ five head of horses, one’ yoke of oxen, three pens of hogs, five cows and calves and five sets of farming tools,” is rendered specific by the addition to each class of things of the^ designation “her choice.’’ ' See 2d Williams on Exrs. 739.’
 
 Richards
 
 v
 
 Richards,
 
 9 Price 219. The “ one carriage” and the
 
 “
 
 one set of blacksmith’s tool’s” intended1 by the testator, are put beyond doubt by the admitted fact that he had but
 
 one
 
 carriage and
 
 one
 
 set of blacksmith’s tools. When upon the face of the wifi it appears that the'testator meant tc dispose of something in kind, in the application of the bequest to its subject matter, it may be shewn that he had’ but one of that kind to be disposed of.
 
 Junes
 
 v
 
 Johnson:,
 
 4 Ves. 5(58. But that part of the legacy to his widow which is embraced within the terms “ one year’s provisions,” cannot we thi'nk be deemed specific. If it refers to a corpus, it desig
 
 *554
 
 nates no particular part of that corpus, but gives so muck thereof as may be adequate for her subsistence for one year. It is true, that in cases of intestacy, and in cases of testa-cy, where the widow records her dissent from the will of her husband, the law assigns to the widow a year’s provision out of her husband’s estate in preference even to the demands of creditors. Rev. St. ch. 121, sec. 18, 19, 20, 21, * 22. And it can scarcely be questioned, but that this part of her legacy was given by the testator by way of analogy to the year’s provision, so assigned by law. But here she takes the “ one year’s provisions” as of his bountjr, therefore as a legacy, and of consequence subject to the payment of his debts. And being a legacy, it must be determined to be a specific or general legacy by the same rules, which govern in discriminating between legacies in other cases. There should be a reference to ascertain the values of the respective bequests of personal property made by the testator, and it must be declared that the defendant Elizabeth is bound in the first place to satisfy the demá-nd of the plaintiff to the extent of the value of the year’s provision she may have received, and that the residue of the plaintiff’s demand is to be satisfied out of the other parts of the legacy to the said defend*ant, and the legacies to the defendants William, Barbara and Lavinia,
 
 pro rata.
 

 Per CuRiJiKf. Decree accordingly.