Pearson, C. J.
 

 1st. The effect of the widow’s diásent, Was
 
 *276
 
 to defeat the purpose of the testator of keeping up the family establishment at the home place, and having the plantation on Cape Fear, which is devised to Martin, managed by the executor for the support of his wife and family, and the education of Martin, consequently the provisions made in reference to that purpose do not take effect, and the property, to-wit: the slaves, stock, farming utensils, household furniture, &c., fall into the undisposed of residue. Martin is entitled to the profits of the plantation; but loses the benefit of a charge upon the common fund for his education, and, in like manner, Janet loses the being supported as one of the family, •but will be compensated by having the profits of her portion of the estate in severalty.
 

 In stating the account, John McNeil, Jr., will only be charged with the profits received during the two _years that he managed the farm, and Martin will be credited for the rent of his land.
 

 2d. The widow is entitled to a
 
 child's
 
 part of the estate, and the amount will be ascertained in the same way as if her husband had died intestate, for, in contemplation of law, ho died intestate as to her. These principles are so well settled that it is not worth while to discuss them.
 
 Headen
 
 v.
 
 Headen,
 
 7 Ired. Eq. 179;
 
 Husted
 
 v. Husted, Busbee’s Eq. 79.
 

 ' It follows that she is entitled to the benefit of the slaves, and other articles of personal property, given to John Mc-Neill, Shaw and Atkins, by the testator in his lifetime, to bo valued as advancements at the time of the several gifts. Tho amount to which she is entitled, when thus ascertained, will be paid out of the undisposed of residue, in which will be included the one-fourth part of what the testatorterms“all
 
 my money,
 
 consisting of cash, notes and judgments,” and also Grace and her increase at their present value. In stating the account, the widow will be entitled to a ratable part of the interest which has accrued upon the “ money fund,” and of the hires and profits of the slaves, and will be charged with the hires of such as were put into her possession.
 

 3d. The division among the children will be made upon a
 
 *277
 
 .different principle, for, as to them, there is a will, and nota case of intestacy ; it follows that advancements are not to -be accounted for; this applies to the slaves given to John Mc-Neill and Shaw, for they have bills of sale; but it is otherwise in respect to the slaves given to Atkins. The gift was made in this State, and being by parol was void under our statute, and is not confirmed as an advancement, although the donor died without resuming the possession, and without making any specific disposition of the slaves in his will; still, it cannot be an advancement, because there is not a case of intestacy. The result seems hard; but, upon well settled principles of law, these slaves and their increase constitute a part of the estate of the testator, and Atkins is chargeable with their value at this time. Such cases are suggestive of a necessity for legislative interference.
 

 Per Curiam, Decree for account.