HARRY J. BOST, Executor of ED S. ERWIN, v. MINNIE E. MORRIS et al.

(Filed 8 January, 1932.)

**1. Wills F a—Distinction between specific and general legacies.**

A general legacy is one which is chargeable generally upon the testator's personal estate and which does not amount to a bequest of any specific part of the estate, while a specific legacy is a bequest of a particular thing or money specified and distinguished from all of the same kind, it being necessary to a specific bequest that the testator described the property as belonging to him.

**2. Same—Legacy in this case held specific and legatee was entitled to dividends from stocks bequeathed from time of testator's death.**

The will of the testator bequeathed to a named legatee "ten thousand dollars in stocks in an incorporated company or companies to be selected by her, at its then par value" and a later item referred to the "rest and residue of my estate" etc., *Held:* construing the will as a whole the testator unequivocally indicated his ownership of all the property, and manifested his intention that the stock should be selected out of those owned by him and not to be purchased on the open market "at their market value," and upon the exercise of the power of selection of the stock by the legatee the bequest was rendered specific and the legatee was entitled to all dividends declared thereon from the date of the testator's death, and *held further*, the amount of the dividends in the executor's hands being in excess of the inheritance tax, his assent to the legacy need not be postponed until the tax is paid by the legatee.

Appeal by the plaintiff and by the defendants, other than Minnie E. Morris, residuary legatees, from *McElroy, J.*, at October Term, 1931, of Cabarrus. No error.

Ed S. Erwin died 13 November, 1927, leaving the following will which was duly admitted to probate:

"North Carolina—Cabarrus County.

I, Ed S. Erwin, of Cabarrus County, State of North Carolina, do make this my last will and testament, as follows:

Item 1. I give and devise to my beloved wife, Jennie Erwin, the tract of land on which I live, containing about 200 acres, for and during the term of her natural life.

Item 2. I give and bequeath to my sister, Minnie E. Morris, if she survives me, ten thousand dollars in stocks in an incorporated company or companies to be selected by her, at its then par value.

Item 3. I give and bequeath to my beloved wife, Jennie Erwin, the sum of $10,000; and to my uncle, John V. Bost, the sum of $1,000.

Item 4. I give to Rocky River Church in Cabarrus County, N. C., the sum of $10,000, to be used by the proper officers of said church for any purposes they may think best.

Item 5. I give and bequeath to my aunt, Mrs. Tinslow L. Bost, the sum of $500, to be paid to her by my executor.

Item 6. All the rest and residue of my estate, both real, personal and mixed of whatever nature or kind, I give and devise absolutely and in fee simple to my nephews Ed Bost and the children of T. L. Bost, who may be living at my death.

Item 7. I hereby constitute and appoint Harry J. Bost, executor of this my last will and testament, and instruct him to employ my friend J. L. Crowell as his attorney in the management of my estate.

In witness whereof, I, the said Ed S. Erwin, have hereunto set my hand and seal, on this 3 April, 1923.

Witnesses:                                Ed S. Erwin.   (Seal.)
        A. F. Goodman, C. L. Propst."

"North Carolina—Cabarrus County.

I, Ed S. Erwin, do make this codicil to my foregoing will, dated 3 April, 1923, which I reaffirm, except as herein modified:

Out of the property and estate which I have given my wife, is to be deducted a note and interest which I hold against her for $1,500 dated 26 January, 1920.

This 7 April, 1923.                       Ed S. Erwin.   (Seal.)
        A. F. Goodman and C. L. Propst, witnesses."

The executor qualified and on 14 December, 1927, delivered to Minnie E. Morris, the legatee in item two, a list of the stocks found in the lock box of the deceased with their appraised value as fixed by the Commissioner of Revenue. On 17 December, 1927, the widow filed her dissent, and this changed the status of the estate. Owing to a change in values the stocks were worth perhaps $30,000 less at the death of the testator than at the time the will was executed. A dividend was declared on 1 January, 1928, for the previous six months and was paid to the executor. On the stocks selected by Minnie E. Morris the dividends amounted to $431. Within one year from the death of the testator other dividends were paid her.

The plaintiff brought suit to have the will construed and upon the pleadings only one issue was submitted to the jury: "On what date did Minnie E. Morris deliver the list of stocks selected by her to the executor, Harry J. Bost, or his attorney, J. Lee Crowell, Sr.?" The answer was, "26 January, 1928."

It was adjudged upon the verdict that Minnie E. Morris is entitled to all the dividends paid after 13 November, 1927, on the stocks which she selected on 26 January, 1928—the dividends not to be paid her until she pays the executor $395.76, the amount of the inheritance tax assessed against her legacy by the Commissioner of Revenue and paid by the executor out of the assets of the estate. It was adjudged that the costs be paid out of the estate.

The par value of each of the shares selected was $100; their market value was appraised by the Commissioner at $12,962, and a tax of $408 was assessed on which a discount of 3 per cent was allowed, leaving $395.76.

*Hartsell & Hartsell and J. Lee Crowell, Sr., for plaintiff.*
*J. L. Crowell, Jr., for residuary legatees.*
*Armfield, Sherrin & Barnhardt for Minnie E. Morris, appellee.*

ADAMS, J. When the plaintiff brought suit for a construction of the will it was found that the second item is the substantial ground of the controversy, the others being material only as they serve to reveal the testator's intent. It was necessary to submit to the jury a single issue, the answer to which fixed the time when the appellee delivered to the plaintiff the list of stocks which she had selected. The date was 26 January, 1928; and after this finding the court adjudged that the legatee named in the second item is entitled to all the dividends on the selected stocks since the testator's death, which occurred on 13 November, 1927. The appellants say that this part of the judgment is erroneous; that the appellee is not entitled to any dividend within one year from the day the testator died; and that the accrued dividends are a part of the residuary estate. This position is controverted by the appellee.

The answer to the question at issue is dependent upon the nature of the bequest. It is contended by the appellants that the legacy in item two is general, and by the appellee that it is specific and includes all dividends accruing after the testator's death. If the bequest is specific the appellee's conclusion is correct and she is entitled to all dividends declared after 13 November, 1927. *Turnage v. Turnage,* 42 N. C., 127; *Beasley v. Knox,* 58 N. C., 1; *Harrell v. Davenport, ibid.,* 4.

A general legacy is one which is chargeable generally upon the testator's personal estate and is not so given as to be distinguishable from

other parts of the estate; or, when it is so given as not to amount to a bequest of a specific part of the testator's personal estate. A specific legacy is the bequest of a particular thing or money specified and distinguished from all of the same kind, as of a horse, a piece of plate, money in a purse, stock in the public funds, a security for money, which would immediately vest with the assent of the executor. *Shepard v. Bryan,* 195 N. C., 822; *Smith v. Smith,* 192 N. C.; 687. A bequest of money "in notes to be taken out of my notes by my executor and paid over to (the legatee) as soon after my death as it can conveniently be done," is specific. *Perry v. Maxwell,* 17 N. C., 488, 496, 502. So is a bequest of "one carriage, one yoke of oxen—her choice," the last two words making the preceding description specific. *Everitt v. Lane,* 37 N. C., 548. In the present case the exercise of the power of selection rendered the bequest specific when the selection was made. 28 R. C. L., sec. 267.

To create a specific bequest the property must be described as belonging to the testator, and it is customary to express ownership by the use of such words as "my," "in my possession," etc. *Smith v. Smith, supra.* It is suggested by the appellants that the will contains no words which identify the stocks. So it was in several items of the will construed in the case last cited, but this Court took into consideration the whole will and not merely the clauses containing the gift of stocks.

Considered according to these principles, the legacy in the second item is specific. In the sixth item the testator disposed of "all the rest and residue of my estate, both real, personal, and mixed"; instructed his executor to employ counsel in the management of *my* estate; and in the codicil he referred to the property and estate which he had given. This was unequivocal indication of his ownership of all the property.

We do not accede to the contention that the words "at its then par value" negative the testator's intent to bequeath the dividends, or that the bequest is susceptible of the construction that stocks not owned by the testator should be purchased in the open market for the benefit of the legatee. Why adopt this interpretation when the testator, owning stocks in a score of corporations obviously intended to dispose of all his property, and not to hazard the interests of the legatees by pursuing the suggested policy?

The appellants insist that the executor should not be required to assent to the legacy in question until the legatee has paid the inheritance tax. The executor is protected; he has the dividends which, according to the record, are in excess of the tax. The judgment as to the costs is correct. We find

No error.