FIRST UNION NATIONAL BANK OF NORTH CAROLINA, EXECUTOR OF THE ESTATE OF ADAM J. MELVIN, v. MARIE A. MELVIN; JAMES A. MELVIN, JR.,; ROBERT BRUCE MELVIN; CHRISTINA MELVIN; JAMES A. MELVIN, III; ANNE MELVIN SCHMEISSER; ANDREW SHAW MELVIN, JR., JEAN ISABELLA MELVIN; DONNA MELVIN; DOUGLAS MELVIN; AND DAVID MELVIN.

(Filed 17 April 1963.)

**1. Wills § 71;  Appeal and Error § 4—**

The executor is not a party aggrieved by a judgment directing the distribution of the estate among the beneficiaries, and his attempted appeal therefrom will be dismissed without allowing the cost of its appeal, including attorneys' fees, to be charged against the estate.

**2. Wills § 57—**

A bequest of a specified business to a named beneficiary is a specific legacy; a bequest of a designated sum of money out of the estate is a general legacy.

**3. Wills § 60—**

Where testator leaves no lineal descendants or a parent, his dissenting widow is entitled to one-half his net estate without regard to any federal estate tax. G.S. 29-2(3), G.S. 30-3(a).

**4. Executors and Administrators § 23—**

Under G.S. 30-15 as rewritten by Chapter 749 Session Laws 1961 a dissenting widow is entitled to her year's allowance in addition to her statutory share of the estate.

**5. Wills § 60—**

When a widow dissents from her husband's will the share of the estate in excess of that devised or bequeathed her by will which must be set aside for her is not to be taken from the residuary estate but is to be taken pro rata from the shares of all the beneficiaries, G.S. 30-3(c), unless the will provides otherwise.

**6. Wills § 57—**

The legatee is entitled to the income from a specific bequest from the date of testator's death.

**7. Same; Wills §§ 60, 70—**

Income from personalty of the estate which is not the subject of a specific legacy should first be used to pay debts, costs of administration, etc., and then divided one-half to the residuary estate and one-half to the dissenting widow when she is entitled to one-half the net estate, and general legatees are not entitled to income except from the date of distribution.

**8. Wills § 60—**

Upon the dissent of the widow, her statutory share of the realty vests in her as of the date of testator's death and she is entitled to the income therefrom as from that date. G.S. 29-3 does not affect this rule.

**9. Same—**

Upon her dissent, the widow is no longer a beneficiary under the will, and can take no benefit from it, and therefore she must pay the North Carolina inheritance tax on her share, G.S. 105-4; G.S. 105-18, notwithstanding the will directs that all inheritance taxes be paid out of the residuary estate.

**10. Executors and Administrators § 10—**

Where a codicil revokes a trust set up in the will but reaffirms the item of the will enumerating the powers of the executor and trustee and states that the grant of power should be without distinguishing the powers granted it as executor and as trustee, the codicil, though eliminating the trust created by the will, does not delete any of the powers conferred by the will on the personal representative.

APPEAL by plaintiff and the defendants James A. Melvin, Jr., Robert Bruce Melvin, Christina Melvin, Donna Melvin, Douglas Melvin, and David Melvin, from *Pless, J.,* at the December 1962 Civil Term of GASTON.

This action was instituted on September 19, 1962 by the First Union National Bank of North Carolina, executor of the estate of Adam J. Melvin, to determine the effect of his widow's dissent from his will upon the administration and distribution of his estate. The parties waived a jury trial, and the judge found the facts to which no exceptions were taken.

On January 26, 1959, Adam J. Melvin, hereinafter referred to as the testator, duly executed his will. Thereafter he married the defendant, Marie A. Melvin. Subsequently on January 8, 1960 he executed a codicil to his will in which he made a provision for his wife. The codicil rewrote Items III and VII of the earlier will and ratified its other provisions. Item VII of the original will had established an active trust for the benefit of testator's sister and brother. The codicil eliminated this trust but made no change in the other paragraphs of the will which granted powers to the "executor and trustee."

On February 10, 1962, testator died a resident of Gaston County where his will and codicil were probated in solemn form. Testator never had any children. He left surviving him his widow, Marie A. Melvin; a brother, James A. Melvin, Jr.; a sister, Christina Melvin; nieces and nephews; and the children of a deceased nephew, Don Melvin.

Only the provisions of the will which are involved in the questions raised by this appeal will be detailed.

In Items I and II, testator directed the early payment of debts, funeral expenses, and the cost of administering his estate, and provided that all estate and inheritance taxes be paid by the executor out of the principal of his residuary estate without any right of reimbursement from any person receiving the property under his will. In Item III, testator devised his residence in Gastonia to his wife and provided for the payment of the following legacies: $50,000.00 to his widow, Marie A. Melvin; $25,000.00 to his brother, James A. Melvin, Jr.; and $10,000.00 to his sister, Christina Melvin. On May 2, 1962, the plaintiff distributed to James A. Melvin Jr., as a portion of his bequest, the sum of $15,840.00 which he used to purchase from the estate all the capital stock of Gastonia Textile Sheet Metal Works, Inc.

By Item IV, testator gave to his nephew, Bruce Melvin, subject to all the debts against it, the business which he operated under the name of Gastonia Comber Needling Company. This bequest did not include the real estate and automobiles of the business. The executor was authorized to distribute the assets of this business to Bruce Melvin as soon as practical after testator's death, and this distribution was made on May 2, 1962. Item VI gave the "executor or trustee" authority to continue in the operation of all partnerships, corporations, and businesses in which testator owned an interest at the time of his death for such time as the executor deemed it advisable to sell or liquidate. The time, price, and terms of such sales were to be fixed by the executor. In Item VII, testator devised his residuary estate in equal shares to the children of his brothers James, Andrew, and George. If any such child were not living at testator's death the issue of any deceased child would take his share *per stirpes.* The will appointed plaintiff "executor and trustee," suggested its attorney, and granted certain specific powers to the "executor and trustee" which it is not necessary to enumerate.

The only children of James A. Melvin, Jr. are defendants James A. Melvin, III, Jean Isabella Melvin, and Robert Bruce Melvin. The only children of testator's deceased brother Andrew are defendants Anne Melvin Schmeisser and Andrew Shaw Melvin, Jr. Don Melvin,

the only child of testator's deceased brother George, is now dead. He left surviving the three minor defendants, Donna, Douglas, and David Melvin, who are represented in this action by Verne E. Shive, guardian *ad litem*. All the necessary parties were properly before the court, but only James A. Melvin, Jr., Christina Melvin, Robert Bruce Melvin, and the three minor defendants filed an answer.

An exact valuation of testator's estate is not necessary to a proper determination of the questions raised by this action. However, as of the date of the institution of this action the executor tentatively estimated the value of testator's personal estate to be $213,000.00; the real estate, $80,000.00; the annual income from the personal property, $5,000.00; and the annual income from the real property, $4,000.00. The widow, who received less than one-half of testator's net estate under the will dissented from it within the time and in the manner required by G.S. 30-2. The dissent is dated April 6, 1962. This dissent substantially reduced the portion of the estate available for distribution to the other beneficiaries.

The Superior Court answered the questions raised by the widow's dissent and instructed the executor with reference to the administration of the estate as follows:

(1)    The widow, defendant Marie A. Melvin, by reason of her dissent from testator's will is entitled to one-half of his net estate as defined by G.S. 29-2(3).

(2)    The widow's year's allowance is not to be charged against her share in the estate.

(3)    The widow is to receive the property given her by the will, and "any sums or assets necessary to be added to such portion in order to make up the value of her full share shall be taken ratably from the shares of all the beneficiaries under the will, regardless of the class of the bequest or devise, the bequest or devise to each beneficiary to be diminished pro rata so as to contribute to the additional sums or assets necessary to make up the widow's full share in the same proportion as the value of the respective bequest or devise bears to the value of the total net estate exclusive of the portion previously given to the widow by the will of Adam J. Melvin."

(4)    The income derived from the personalty prior to its distribution, other than the income from the business specifically bequeathed to Bruce Melvin, is first to be used to pay debts, cost of administration, and other charges against the estate except that charge occasioned by the widow's dissent. Any income from personalty not thus used shall be paid one-half to the widow and one-half to the residuary beneficiaries.

(5) Robert Bruce Melvin, as a specific legatee, is entitled to any income from the Gastonia Comber Needling Company which has accrued from the date of testator's death. Plaintiff, in its discretion, may distribute other assets of the estate prior to final distribution and the recipients will be entitled to any income from such property from the date of its distribution.

(6) The widow owns a one-half undivided interest in all real estate owned by testator at his death and is entitled to one-half of the net income therefrom since the date of his death.

(7) All Federal or State taxes and all North Carolina inheritance taxes on property passing to beneficiaries other than the widow shall be paid from the residuary estate. North Carolina inheritance taxes on the widow's share shall be paid by her and not the estate.

(8) The powers granted by the will to the "executor and trustee" or to the "trustee" only, inured to the plaintiff as executor when the codicil eliminated all trusts.

The plaintiff and each answering defendant excepted to the judgment and appealed.

*Garland and Eck for plaintiff appellant.*

*Mullen, Holland and Cooke for James A. Melvin, Jr., Robert Bruce Melvin and Christina Melvin defendant appellants.*

*Verne E. Shive, guardian ad litem for Donna Melvin, Douglas Melvin and David Melvin defendant appellants.*

SHARP, J. On this appeal each answering defendant makes contentions in accordance with his pecuniary interest. The plaintiff executor contends that the judgment of the Superior Court is correct except as to Ruling No. 3. However, as we have repeatedly held, the executor is not a party aggrieved entitled to appeal when the Superior Court directs a distribution among beneficiaries contrary to his ideas. For an executor to appeal the judgment must be prejudicial to the estate. *Trust Co. v. Bryant,* 258 N.C. 482, 128 S.E. 2d 758; *Ferrell v. Basnight,* 257 N.C. 643, 127 S.E. 2d 219; *Dickey v. Herbin,* 250 N.C. 321, 108 S.E. 2d 632. The plaintiff's appeal will be dismissed and the First Union National Bank of North Carolina will not pay the costs of this appeal, including attorneys' fees, from funds of the estate. *Dickey v. Herbin, supra.*

Bruce Melvin is the only specific legatee in the will of Adam J. Melvin; he is bequeathed the business known as the Gastonia Comber Needling Company. *Shepard v. Bryan,* 195 N.C. 822, 143 S.E. 835. Along with the minor defendants, Donna, Douglas, and David Melvin,

he is also a residuary legatee. Defendants James A. Melvin, Christina Melvin, and Marie A. Melvin are general legatees who were bequeathed specific sums. *Bost v. Morris,* 202 N.C. 34, 161 S.E. 710; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356. After her dissent, the widow was no longer a beneficiary under the will. Under G.S. 30-3(a), as the dissenting widow of a deceased who was not survived by any lineal descendants or a parent, the judge correctly held in Ruling No. 1 that she became entitled to one-half of the net estate as defined by G.S. 29-2(3). Under the statute, this one-half must be estimated and determined before any federal estate tax is deducted or paid, and is free and clear of such tax.

The other Rulings will be considered seriatim as numbered in the statement of facts.

Ruling No. 2 presents this question: Under G.S. 30-15, as rewritten by Chapter 749 of the Session Laws of 1961, does a widow who has dissented from her husband's will take her year's allowance in addition to, or as a part of, her statutory share in his estate? The answer is that she takes it in addition to her statutory share.

Prior to June 13, 1961, the date on which the rewritten section became effective, G.S. 30-15 provided a year's allowance only for the widow of an intestate or for a testate from whose will she had dissented, and it specifically declared the allowance to be "in addition to her distributive share in her husband's personal estate." The rewritten section, which follows, provides a year's allowance for all widows.

> "Every surviving spouse of an intestate or of a testator, whether or not he has dissented from the will, shall, unless he has forfeited his right thereto as provided by law, be entitled, out of the personal property of the deceased spouse to an allowance of the value of one thousand dollars ($1,000.00) for his support for one year after the death of the deceased spouse. Such allowance shall be exempt from any lien, by judgment or execution, acquired against the property of the deceased spouse, *and shall, in cases of testacy, be charged against the share of the surviving spouse."* (Italics ours)

All legatees contend that since Adam J. Melvin died testate the italicized portion of the section requires his widow's year's allowance to be charged against her share of the estate. The trial judge properly rejected this contention. The italicized language refers only to the share of a widow who takes in accordance with the will and has not dissented from it. Upon his widow's dissent in legal effect, testator died intestate as to her, *Worth v. Atkins,* 57 N.C. 272, and G.S. 30-3(a) determined her rights in his estate.

G.S. 29-2(3) provides the formula for determining the net estate:

> "'Net estate' means the estate of a decedent, exclusive of family allowances, costs of administration, and all lawful claims against the estate."

It is clear from the statutes quoted above that after deducting the costs of administration, all lawful claims against the estate, and the widow's $1,000.00 year's allowance, the share of the widow in this case will be one-half of the balance remaining.

It will be noted that all the statutes with reference to dissents from a will refer to a *spouse*, a *deceased spouse*, or a *surviving spouse*. However, since this Court held in *Dudley v. Staton*, 257 N.C. 572, 126 S.E. 2d 590, that Article X, Section 6 of the Constitution of North Carolina prohibited a dissent by a husband from his wife's will, the word *spouse*, wherever it appears in a statute with reference to a dissent, applies to a widow. Under rewritten G.S. 30-15, for the first time in our law a husband may be entitled to a year's allowance. If the wife dies intestate he has the same right as a widow. If she dies testate, he may or may not have the right to an allowance depending on what provision is made for him. If she disinherits him in her will, since he cannot dissent, clearly he can have no allowance.

Ruling No. 3 poses this question: When a widow dissents from her husband's will, is the residuary estate first liable for her share or is it to be taken *pro rata* from the shares of all the named beneficiaries?

Prior to the effective date of G.S. 30-3(c) on July 1, 1960, North Carolina was in accord with the majority view that when a widow's dissent made it necessary for other beneficiaries to contribute to her statutory share, the residuary estate was first liable. *Worth v. Atkins, supra; Female University v. Borden,* 132 N.C. 476, 44 S.E. 47; Anno: Who Must Bear Loss Occasioned by Election against Will? 36 A.L.R. 2d 291, 299.

Today, however, the answer to the question must be found in G.S. 30-3(c) which follows:

> "If the surviving spouse dissents from his or her deceased spouse's will and takes an intestate share as provided herein, the residue of the testator's net estate, as defined in G.S. 29-2, shall be distributed to the other devisees and legatees as provided in the testator's last will, diminished pro rata unless the will otherwise provides."

The general legatees bequeathed specific sums contend that this Court has given the word *residue* a legal definition in *Trust Co. v. Grubb,* 233 N.C. 22, 62 S.E. 2d 719, and other cases, and that the legislature so used it in G.S. 30-3(c), thereby indicating an intention to continue in effect the rule which prevailed prior to July 1, 1960. In *Grubb, supra,* the court said:

> "The residue of an estate comprehends all of the estate left by the testator at the time of his death, subject to all deductions required by operation of law or by direction of the testator. Conversely stated, the residue is that part of the *corpus* of the estate left by the testator which remains after the payment of specific legacies, taxes, debts, and costs of administration."

However, we think G.S. 30-3(c) clearly indicates that the legislature did not there use *residue* as defined in *Grubb, supra.* When the dissenting widow, as here, is entitled to one-half of the deceased spouse's net estate as defined in G.S. 29-2(3), G.S. 30-3(c) says that the residue of the testator's net estate *for distribution* to other devisees and legatees is as defined in G.S. 29-2. The only definition of net estate contained in G.S. 29-2 is in subsection (3) referred to in the preceding sentence. Obviously the phrase "all lawful claims against the estate," as there used, does not include either specific legacies or general legacies for specific amounts. If it did, the net estate in many instances would be so depleted by their payment that it would be insufficient to provide the widow with the same share of her husband's real and personal property as if he had died intestate.

In the use of the phrase "lawful claims against the estate" in G.S. 29-2(3), the legislature was not referring to claims of beneficiaries created either by the will or the statute of descents and distributions. Therefore, under the specific requirements of the statute, the balance of this estate remaining after the defendant widow has received the benefits to which G.S. 30-3(a) entitled her, "shall be distributed to the other devisees and legatees as provided in the testator's last will, diminished pro rata. . . ." G.S. 30-3(c).

Adam J. Melvin, although charged with notice that his widow might claim her statutory rights in his estate, obviously did not contemplate a dissent. The statutory method of a pro rata contribution by the other beneficiaries named in the will must be employed since the will does not otherwise provide.

The court below unerringly interpreted the statute when it declined first to charge the residuary beneficiaries with the deficit created by the widow's dissent and held that *all* beneficiaries must contribute pro rata.

In Rulings Nos. 4 and 5 the trial court correctly held that the specific legatee, Bruce Melvin, was entitled to the income from Gastonia Comber Needling Company from the date of testator's death; that the income from the personalty not specifically devised should be used first to pay debts, costs of administration, and other charges against the estate not created by the widow's dissent; and that any surplus income should be paid one-half to the dissenting widow and one-half to the residuary beneficiaries.

These Rulings are in accord with the following well-established principles: specific legacies carry with them all accessions by way of dividend entireties, and accretions after the death of the testator unless the will directs otherwise. *Smith v. Smith,* 192 N.C. 687, 135 S.E. 855; *Bost v. Morris, supra;* 57 Am. Jur., Wills, Sec. 1615. When the property from which general legacies must come provides income, it is a general asset of the estate subject to the payment of debts and disposition under the terms of the will and, where a widow dissents, is to be proportionately distributed to her under the applicable statute. *Smith v. Smith, supra;* Anno: Surviving Spouse Who Elects to Take Against Will is Entitled to Increase or Profit of Estate Accruing after Testator's Death, 50 A.L.R. 2d 1253.

It will be noted that the trial court's ruling was with reference to *income from* and not *interest on* legacies. These are related but separate matters. *Trust Co. v. Whitfield,* 238 N.C. 69, 76 S.E. 2d 334; *Hart v. Williams,* 77 N.C. 426.

In Ruling No. 6, the trial court rightly held that upon her dissent the defendant widow became vested with a one-half undivided interest in all realty owned by testator at his death and was entitled to the income therefrom.

Upon filing her dissent to the will the defendant widow became vested, as of the date of testator's death, with title to that part of his real property allowed her by statute as surviving spouse. While the personal property of an intestate passes directly to his administrator, his real property descends directly to his heirs, subject to be divested only if it becomes necessary to sell land to make assets to pay debts. All rents accruing from the use or occupancy of his realty after the death of an intestate becomes the property of the heirs entitled to the real property. *In re Estate of Galloway,* 229 N.C. 547, 50 S.E. 2d 563; Anno: Accretions to Subject of Legacy, 116 A.L.R. 1129.

In rewriting the statutes on dissents and intestate succession, the Legislature of 1959 did not change the above Rules. G.S. 29-3 abolishes the distinction between real and personal property *only in the determination of those persons who take upon intestate succession,* and G.S.

29-2(6) provides that "the share of a net estate or property which any person is entitled to take, includes both the fractional share of the personal property and the undivided fractional interest in the real property" which he is entitled.

To the extent of her right to one-half of the personal property belonging to the estate and to an allowance for a year's support, the defendant widow, Marie A. Melvin, became and is a claimant against the estate. As dissenting widow she is entitled to one-half of the real property of which her husband was seized during coverture and the income therefrom to the extent of her interest.

Ruling No. 7 relates to the payment of estate and inheritance taxes upon the widow's share of the estate. It is free from error. Item II of the will specifically directed that all estate and inheritance taxes be paid out of the residuary estate. Having dissented from the will, however, the widow can take no benefit from it. Therefore, she must pay the North Carolina inheritance tax on her share. G.S. 105-4; 105-18. Nevertheless, as heretofore pointed out, G.S. 30-3(a) provides that defendant widow's one-half of testator's net estate shall be estimated before any federal estate tax is deducted and is free and clear of such tax.

The codicil eliminated the trusts which testator had provided for his brother and sister in Item VII of the will, but it ratified Items V and VI which authorized the executor to operate testator's business interests until such time as it deemed appropriate to dispose of them. It also reaffirmed Item X which enumerated the powers of the executor and trustee and specifically stated that the grant of powers to the plaintiff was "(w)ithout distinguishing between its. . .powers as executor and as trustee. . . ." Ruling No. 8 effects the testator's intent.

The court below having in each instance correctly instructed the executor, its judgment is

Affirmed.